Johnathan Baldauf, ISB # 10100
johnathan@baldaufmasser.com
Baldauf Masser, LLP
380 S. 4th St., Ste. 101
Boise, Idaho 83702-7687
Phone: (208) 741-5024
Fax: (208) 441-5878
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>                Defendants. | Case No. 1:23-cv-275<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT – 1

Introduction

This is a civil action arising from the unlawful arrest of Ty Justin William Werenka on June 11, 2022 at a ParkBOI Capitol and Main parking garage located at 770 W Main St, Boise, ID 83702. Defendants Corporal Norman "Denny" Carter and Officer Avery Westendorf, members of the Boise Police Department, arrested Mr. Werenka without probable cause, used unreasonable and unnecessary force during the arrests, and caused him serious physical injuries. The City of Boise, through the Boise Police Department and Boise City Attorney's Office, has exhibited deliberate indifference to the constitutional rights of the citizens of Boise and those visiting the city. The Defendants are sued for violation of Mr. Werenka's rights under the United States Constitution and the common law.

Jurisdiction and Venue

1. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

2. Venue is proper in the Southern Division under 28 U.S.C. § 1391 because the acts giving rise to this lawsuit occurred in the City of Boise, Ada County, Idaho.

3. The City of Boise was given timely notice of this claim under the Idaho tort claims act, Idaho Code §§ 6-901 et seq, by notice served on December 8, 2022.

Parties

4. The Plaintiff, Ty Justin William Werenka, age 30, at all times relevant is and has been a resident of the State of Idaho.

5. The City of Boise is a municipal corporation with the right to sue and be sued. The City's organization includes the Boise Police Department and the Boise City Attorney's Office. The City is responsible for the policies and procedures of the Boise Police Department and the police officers it employs, as well as the Boise City Attorney's Office and the attorneys and staff it employs. It is responsible for the supervision, training, and discipline of its officers and staff.

6. At all times relevant to the Complaint, Corporal Norman "Denny" Carter was a duly sworn and licensed police officer of the Boise Police Department acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

7. At all times relevant to the Complaint, Officer Avery Westendorf was a duly sworn and licensed police officer of the Boise Police Department acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

COMPLAINT – 2

Facts

8. On or about June 11, 2022, at 3:05 AM, Defendants Corporal Norman "Denny" Carter ("Cpl. Carter") and Officer Avery Westendorf ("Ofc. Westendorf") were responding to a non-injury automobile accident at the pay station of the Capitol and Main ParkBOI parking garage.

9. While driving out of the garage through a different lane, Plaintiff Ty Justin William Werenka ("Mr. Werenka") noticed the accident and police response.

10. He had a short conversation with a ParkBOI employee, who asked him to move along but did not ask him not to return or tell him he was being trespassed.

11. Mr. Werenka is an activist who routinely films police interactions as he wants to ensure an independent record is kept and for the safety of all involved.

12. Mr. Werenka exited the garage, parked on a nearby street, then returned on foot to film with his phone.

13. The ParkBOI employee approached Mr. Werenka and told him he needed to leave.

14. Mr. Werenka began to walk away and leave the garage.

15. Cpl. Carter stopped Mr. Werenka, approached him, and asked him why he was interfering with an investigation.

16. With his phone held in one hand between himself and Cpl. Carter, Mr. Werenka asked how he was interfering.

17. Mr. Werenka moved his second hand to the phone, moving the phone no more than a half of an inch.

18. Cpl. Carter slapped Mr. Werenka's phone into the ground, shoved Mr. Werenka by his neck, threw him into a nearby wall, and violently took him to the ground.

19. The ParkBOI parking attendant was shocked by the interaction.

20. Mr. Werenka was easily placed in handcuffs and arrested him for allegedly wilfully resisting and obstructing a public officer in the discharge of their duties, a violation of Idaho Code § 18-705.

21. Ofc. Westendorf did not intervene and stop the unlawful arrest and, in fact, assisted in that arrest.

22. Ofc. Westendorf and Cpl. Carter then transported Mr. Werenka to the Ada County Jail.

23. Cpl. Carter completed a report, certified under the penalty of perjury, that Mr. Werenka "obstruct[ed] [him] during the lawful discourse of [his] duties," claimed that he feared for

his safety, claimed that Mr. Werenka failed to leave the garage, claimed that Mr. Werenka "tense[d] his arm/muscles in an attempt to resist," and calimed that Mr. Werenka "tr[ied] to pull his arm away from [Cpl. Carter's] grasp."

24. Referring to the on-body video of the two officers and Mr. Werenka's video, none of this occurred.

25. He further claimed that Mr. Werenka "pulled away from [his] control as he was being detained and subsequently arrested."

26. Because of that report, Mr. Werenka was charged by the Boise City Attorney's Office with resisting and obstructing, a violation of Idaho Code § 18-705.

27. Mr. Werenka was processed through the Ada County Jail and forced to pay a cash bond of $300.00.

28. His Samsung phone was seized as evidence although law enforcement never sought a warrant to examine the device.

29. Mr. Werenka's right thumb lost feeling for almost a month, his wrists remained sore for two and half weeks, and his back was sore for a little over a week.

30. He needed to seek additional counseling to process the events of that day and now suffers from nightmares involving police interaction

31. His arrest photo was published on the Ada County Jail website for the public to see, including those who have already made death threats against him for his activism.

32. To defend himself, Mr. Werenka was forced to hire counsel.

33. Mr. Werenka was able to retrieve his phone on August 4, 2022 after counsel intervened.

34. After Mr. Werenka's counsel filed a motion to dismiss, the criminal action was dismissed on October 26, 2022.

35. The City of Boise, through the Boise City Attorney's Office, claimed in their motion to dismiss the claim that probable cause existed for the initiation of the case.

36. The unlawful arrest continues to make Mr. Werenka unnecessarily vigilant when dealing with police interactions. He persists in filming police interactions when he notices one, but is wary of how the police might respond.

37. That wariness is justified given the continued behavior of the Boise Police Department.

38. On the night of April 29, 2023, Mr. Werenka noticed another police interaction at 6th and Main Streets in downtown Boise.

39. He approached the scene to film.

COMPLAINT – 4

40. Officer Westendorf shined his flashlight into Mr. Werenka's phone, disrupting his camera.

## COUNT I
Fourth Amendment – Unreasonable Seizure – Arrest without Probable Cause

41. The Plaintiff re-alleges Paragraphs 1 through 40 as if separately set forth.

42. Cpl. Carter lacked reasonable suspicion to stop Mr. Werenka and lacked probable cause to arrest him on charges of violating Idaho Code § 18-705, resisting and obstructing.

43. Cpl. Carter's acts violated the Plaintiff's right to be free from unreasonable seizure, a violation of Plaintiff's Fourth Amendment rights, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT II
Fourth Amendment – Unreasonable Seizure – Excessive Force

44. The Plaintiff re-alleges Paragraphs 1 through 43 as if separately set forth.

45. Cpl. Carter used objectively unreasonable and excessive force in his detention and arrest of Mr. Werenka.

46. Cpl. Carter's acts violated the Plaintiff's right to be free from unreasonable seizure, a violation of Plaintiff's Fourth Amendment rights, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT III
Fourth Amendment – Unreasonable Search

47. The Plaintiff re-alleges Paragraphs 1 through 46 as if separately set forth.

48. During the arrest, Cpl. Carter searched Mr. Werenka although no probable cause existed to arrest or to search him.

49. Cpl. Carter's acts violated the Plaintiff's right to be free from unreasonable searches, a violation of Plaintiff's Fourth Amendment rights, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

COMPLAINT – 5

COUNT IV
First Amendment – Freedom of Speech

50. The Plaintiff re-alleges Paragraphs 1 through 49 as if separately set forth.

51. Cpl. Carter arrested the Plaintiff without probable cause to believe he was engaged in resisting and obstructing the police while the Plaintiff was engaged in filming the police, a constitutionally-protected action.

52. Cpl. Carter's acts violated the Plaintiff's right to free expression, a violation of the First Amendment, enforceable through 42 U.S.C. § 1983.

53. Both officers continue to be employed by the City of Boise.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

COUNT V
Common Law – Assault and Battery

54. The Plaintiff re-alleges Paragraphs 1 through 52 as if separately set forth.

55. By his words and acts, Cpl. Carter threatened to do violence to Mr. Werenka, had the apparent ability to do so, and by his actions created a well-founded fear in Mr. Werenka that such violence was imminent.

56. By using excessive and unreasonable force, Cpl. Carter willfully and unlawfully used force or violence upon Mr. Werenka; actually, intentionally and unlawfully touched Mr. Werenka against Mr. Werenka's will; and unlawfully and intentionally caused bodily harm to Mr. Werenka.

57. The aforesaid acts were unprivileged.

58. The aforesaid acts of Cpl. Carter were taken within his scope of employment by the City of Boise and the Boise Police Department.

59. The unlawful acts of Cpl. Carter were the direct, proximate cause of Mr. Werenka's injuries.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter, in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

COUNT VI
Fourteenth Amendment – Failure to Intervene

COMPLAINT – 6

60. The Plaintiff re-alleges Paragraphs 1 through 59 as if separately set forth.

61. Ofc. Westendorf observed Cpl. Carter detain, arrest, and search Mr. Werenka without reasonable suspicion or probable cause, and also observed Cpl. Carter detain and arrest Mr. Werenka using objectively unreasonable and excessive force, in violation of Mr. Werenka's rights to be free from unreasonable search and seizure under the Fourth Amendment.

62. Ofc. Westendorf failed to intervene and prevent Cpl. Carter from violating Mr. Werenka's Fourth Amendment rights to be free from unreasonable search and seizure, although Ofc. Westendorf had a reasonable opportunity to do so.

63. Ofc. Westendorf's acts violated the Plaintiff's right under the Due Process Clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Officer Avery Westendorf in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VII
## Common Law – Defamation

64. The Plaintiff re-alleges Paragraphs 1 through 63 as if separately set forth.

65. Cpl. Carter communicated information about Mr. Werenka in his signed and sworn police report. In that report, Cpl. Carter claims that he feared for his safety, that Mr. Werenka failed to leave the garage (he was called back by Cpl. Carter), that Mr. Werenka "tenses his arm/muscles in an attempt to resist," and that Mr. Werenka "tr[ied] to pull his arm away from [Cpl. Carter's] grasp." None of this occurred.

66. Orally, Cpl. Carter claimed that Mr. Werenka assaulted him in an attempt to convince the ParkBOI employe and Ofc. Westendorf that an assault had occurred.

67. These communications were defamatory as they tend to harm Mr. Werenka's reputation by subjecting him to public contempt, disgrace, or ridicule.

68. Mr. Werenka was damaged because of these communications: he was charged with resisting and obstructing by the Boise City Attorney's Office, another part of the City of Boise.

69. Mr. Werenka is not a public figure, but even if he was, Cpl. Carter acted with actual malice: he knew his statements were false or acted with reckless disregard for the truth.

70. Cpl. Carter's acts were tortious under Idaho law and violated Plaintiff's right under the Due Process Clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

COMPLAINT – 7

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against Corporal Norman "Denny" Carter in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VIII
### Common Law – Intentional Infliction of Emotional Distress

71. The Plaintiff re-alleges Paragraphs 1 through 70 as if separately set forth.

72. The actions of Cpl. Carter and Ofc. Westendorf were intentional or reckless as they had plenty of time to consider their actions prior to their contact with Mr. Werenka, while transporting him to the jail, and while completing their reports.

73. Their conduct was extreme and outrageous as they falsely arrested a citizen for Constitutionally-protected conduct.

74. This conduct, including seizing his phone, lead directly to Mr. Werenka's emotional distress and concerns about police action.

75. The emotional impact, including humiliation, disappointment, and anger, of this conduct is so severe that no reasonable person could be expected to endure it and Mr. Werenka has suffered from nightmares since this incident.

76. Cpl. Carter's acts were tortious under Idaho law and violated Plaintiff's right under the Due Process Clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against the City of Boise, Corporal Norman "Denny" Carter, and Officer Avery Westendorf in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT VIII
### Common Law – False Arrest

77. The Plaintiff re-alleges Paragraphs 1 through 76 as if separately set forth.

78. Cpl. Carter and Ofc. Westendorf, by the exercise of force arrested Mr. Werenka.

79. In doing so, the officers acted intentionally, unlawfully, and against the will and without the consent of Mr. Werenka.

80. Mr. Werenka was damaged by the arrest as he had to hire counsel, suffered damages to his reputation, and suffered emotional damages.

81. The aforesaid acts were the direct, proximate cause of Mr. Werenka's injuries.

82. The aforesaid acts were taken within the scope of the officers' employment by the City of Boise.

COMPLAINT – 8

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against the City of Boise, Corporal Norman "Denny" Carter, and Officer Avery Westendorf in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT IX
### Common Law – Malicious Prosecution

83. The Plaintiff re-alleges Paragraphs 1 through 82 as if separately set forth.

84. Cpl. Carter and Ofc. Westendorf initiated charges of resisting and obstructing with malice.

85. No probable cause existed to bring those charges as a review of the on-body video, which attorneys from the City of Boise conducted, made clear that Mr. Werenka did not "wilfully" resist, delay, or obstruct Cpl. Carter in the discharge or attempt to discharge the duties of his office.

86. Those charges terminated in Mr. Werenka's favor.

87. The acts of Cpl. Carter and Ofc. Westendorf taken within the scope of their employment with the City of Boise.

88. Ofc. Westendorf's acts violated the Plaintiff's right under the Due Process Clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against the City of Boise, Corporal Norman "Denny" Carter, and Officer Avery Westendorf in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## COUNT X
### Municipal Liability under 41 U.S.C. § 1983

89. The Plaintiff re-alleges Paragraphs 1 through 88 as if separately set forth.

90. The City of Boise at all times relevant has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy, custom, or practice involves:

    a. The use of objectively unreasonable and excessive force on detainees and arrestees.

    b. Resisting and obstructing arrests without probable cause, often only because the arrestee was protesting police conduct.

    c. Overcharging arrestees with resisting arrest and assault on a police officer when they were simply being uncooperative.

    d. Charging citizens for protest-related reasons.

COMPLAINT – 9

  e. Continuing to pursue and prosecute such charges, requiring court intervention.

  f. Continuing to pursue and prosecute charges that lack probable cause.

  g. Not sustaining properly-founded citizen complaints if it is the word of the complainant against a police officer and not sustaining complaints that include corroboration, especially as the City of Boise has been without a direct of its Office of Police Accountability since December 9, 2022.

91. The above-described policies, customs, and practices were the direct, proximate cause of Cpl. Carter and Ofc. Westendorf's violations of Mr. Werenka's First, Fourth, and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983

WHEREFORE, the Plaintiff, Ty William Justin Werenka, seeks judgment against the City of Boise, Corporal Norman "Denny" Carter, and Officer Avery Westendorf in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## Jury Trial

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/Johnathan Baldauf
Johnathan Baldauf, ISB # 10100
Baldauf Masser, LLP
380 S. 4th St., Ste. 101
Boise, Idaho 83702-7687
johnathan@baldaufmasser.com
(208) 741-5024

COMPLAINT – 10