Tyler D. Williams    [ISB No. 8512]
Reid K. Peterson    [ISB No. 10091]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tdw@naylorhales.com; reid@naylorhales.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>    Defendants. | Case No: 1:23-cv-00275-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS COMPLAINT (DKT. 1)** |

Defendants, by and through their attorneys of record, submit this Reply Memorandum in Support of Defendants' Partial Motion to Dismiss (Dkt. 8).

## I.     ARGUMENT

This case is essentially about excessive force, not the numerous other causes of action deficiently alleged by Plaintiff. Defendants previously argued that Plaintiff failed to adequately plead those other claims and his Complaint should therefore be partially dismissed under Rule 12(b)(6). Plaintiff's arguments in opposition are largely conclusory statements that his claims should not be dismissed. He has failed to substantively address Defendants' specific arguments or

**DEFENDANTS' MTD REPLY MEMO – 1.**

otherwise show why his claims are based on anything more than mere conclusions that cannot "unlock the doors of discovery". *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Accordingly, Defendants' motion should be granted and Plaintiff's Complaint narrowed to a single excessive force claim against Cpl. Carter in his individual capacity under 42 U.S.C. § 1983.

**A.     Federal Claims**

1. <u>Plaintiff had full opportunity to challenge probable cause in his criminal case and his Complaint shows probable cause existed</u>.

As Defendants previously argued, Plaintiff's federal claims (with the exception of his excessive force claim) must be dismissed because he is barred from relitigating probable cause, which was already established by the criminal trial court, and his Complaint itself shows the existence of probable cause for resisting/obstructing and trespass. (*See* Dkt. 8-1, pp. 4-9.) In opposition, Plaintiff contends that he had no opportunity to litigate or challenge probable cause because under Idaho Criminal Rule 5(d) probable cause hearings for misdemeanor charges are informal, non-adversarial proceedings that may be ex-parte, as opposed to the more robust preliminary hearing in felony cases.[1]  (Dkt. 10, pp. 3-4.)

Plaintiff's argument is unavailing. Even assuming the informality of probable cause hearings, it is simply not the case that Plaintiff had no opportunity to challenge probable cause. Plaintiff's criminal defense counsel—the same counsel representing him here—appeared in Plaintiff's case on July 1, 2022. (Dkt. 8-3, p. 3.) While this was after the initial probable cause determination on June 13 (*see id.*), it was well before the probable cause hearing on October 14. (*Id.*, p. 4.) Plaintiff had every <u>opportunity</u> to appear and challenge probable cause at the October hearing or to file a motion to dismiss based on lack of probable cause. He chose not to do so.

---

[1] Plaintiff submitted a declaration from his attorney in support of his motion. That declaration should be disregarded in ruling on this motion to dismiss as it goes beyond the allegations in the Complaint, for the same reasons that Plaintiff's declaration should be disregarded as discussed further below.

**DEFENDANTS' MTD REPLY MEMO – 2.**

Instead, he filed a motion to dismiss on October 25 (after the PC hearing), challenging the supposed lack of evidence to prove the ultimate merits of the criminal charge of resisting/obstructing. He specifically did not challenge probable cause in that motion. (*See* Dkt. 8-7.)

It is thus baseless for Plaintiff to contend he had no opportunity to challenge probable cause when his and his own attorney's actions show that he could have done so and chose not to. Plaintiff should not be allowed a federal collateral bite at the apple when he acquiesced to the probable cause finding in state court. Accordingly, Plaintiff is barred from relitigating the existence of probable cause in the present case. His federal claims should therefore be dismissed (Counts I-IV, VII, VII-1, IX-X).

Plaintiff also unavailingly contends that probable cause did not exist. Rather than address Defendants' arguments challenging the sufficiency of his pleading, Plaintiff submitted a declaration setting forth purported factual counterpoints to Cpl. Carter's Affidavit of Probable Cause, along with exhibits containing video footage of the June 11, 2022 incident (Dkt. 10-2), and a declaration from his attorney making similar points. He then argues based on these things that probable cause did not exist to arrest him. (Dkt. 10, p. 3.)

Given that this matter is before the Court on a motion to dismiss, not a motion for summary judgment, the Court should disregard Plaintiff's and his attorney's declarations, attached exhibits, and related arguments. The issue here is what Plaintiff actually pled in his Complaint. Indeed, a court's review of a complaint under Rule 12(b)(6) is generally confined to the four corners of the pleading. There are two exceptions: judicial notice of adjudicative facts under F.R.E. 201(b), that is, when the fact is "not subject to reasonable dispute" (e.g., public court records)[2], and when the

---

[2] Defendants properly asked the Court to take judicial notice of the docket and relevant excerpts of record from Plaintiff's criminal case. (Dkt. 8-1, fn. 2.) These are public court records that qualify as adjudicative facts under F.R.E. 201 because they are not subject to reasonable dispute; they simply show what actually transpired in Plaintiff's criminal case, as opposed to underlying disputed evidence in the criminal case.

**DEFENDANTS' MTD REPLY MEMO – 3.**

complaint refers extensively to a record or it forms the basis of the claim itself (the incorporation-by-reference doctrine). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F. 3d 988, 998-1008 (9th Cir. 2018) (explaining both exceptions in the context of a Rule 12(b)(6) motion). Plaintiff's counterpoints to Cpl. Carter's Affidavit of Probable Cause and video footage that Plaintiff contends shows a lack of probable cause do not fall within these exceptions. "[A] court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999. The Court should therefore disregard Plaintiff's declaration, exhibits, and related argument.[3]

The Complaint shows probable cause existed, as previously argued by Defendants. (Dkt. 8-1, pp. 7-9.) Other than attempt to improperly rely on disputed facts outside of the Complaint and the videos that corroborate that probable cause existed, Plaintiff has made no meaningful effort to address his pleading deficiencies. Accordingly, the Court should grant Defendants motion on this additional basis.

2. <u>The Complaint does not plausibly allege that Ofc. Westendorf failed to intervene</u>.

In addition to the presence of probable cause, Defendants argued that the failure to intervene claim against Ofc. Westendorf (Count VI) should be dismissed because nothing in the Complaint showed Ofc. Westendorf had sufficient knowledge in the moment to intervene. Moreso, the allegations affirmatively showed that Ofc. Westendorf had no meaningful opportunity to intervene even if he knew to do so because the events described by Plaintiff occurred in quick succession. (Dkt. 8-1, pp. 9-10.) In opposition, Plaintiff fails to address these pleading deficiencies. Instead, he merely contends that "[t]he Complaint makes clear that Officer Westendorf observed the encounter between Corporal Carter and Mr. Werenka and failed to intervene…" and that he continued the alleged violations after observing them. (Dkt. 10, p. 5.) Yet Plaintiff does not

---

[3] Even if the Court were to consider these things, the videos submitted by Plaintiff nonetheless demonstrate probable cause existed for resisting/obstructing and trespass, since they generally track with the Complaint.

**DEFENDANTS' MTD REPLY MEMO – 4.**

substantively identify anything pled in the actual Complaint to support his contention. Instead, Plaintiff again improperly relies on the extraneous video footage to conclude they make Ofc. Westendorf's "opportunity to intervene explicit." (*Id*.)

As discussed above, the video footage is not appropriate to consider for a Rule 12(b)(6) motion. Even so, Plaintiff's reliance on that footage does not help him. The videos and Complaint generally agree; the alleged excessive force and arrest happened in quick succession and Ofc. Westendorf had no meaningful opportunity to intervene even if he knew he should do so. As such, this claim should be dismissed.

   3. <u>The Complaint shows that Plaintiff cannot prevail on a malicious prosecution claim</u>.

In addition to the existence of probable cause, Defendants previously argued that Plaintiff's malicious prosecution claim (Count IX) should be dismissed because the Complaint did not plead anything showing that the prosecutor's independent judgment was somehow thwarted by Cpl. Carter or that malice existed. (*See* Dkt. 8-1, pp. 10-12.) In opposition Plaintiff again improperly relies on extraneous evidence in an attempt to show that the prosecutor's independent judgment was compromised based on improper exerted pressure by Cpl. Carter, who allegedly provided misinformation to the prosecutor. (Dkt. 10, ¶ 5.) Plaintiff ignores his own Complaint.

Plaintiff expressly pled that prosecutors reviewed the body camera footage in bringing charges against him: "<u>as a review of the on-body video, which attorneys from the City of Boise conducted</u>. . . ." (Dkt. 1, ¶ 85) (emphasis added). Thus, Plaintiff's own complaint shows that the prosecutors independently reviewed the footage that provided the basis for pursuing criminal charges and did not simply rely on Cpl. Carter's probable cause affidavit.

Further, Plaintiff makes no attempt in his opposition to point out where in his Complaint he has alleged sufficient facts showing malice (he merely says "the evidence speaks for itself"),

**DEFENDANTS' MTD REPLY MEMO – 5.**

nor has he shown how Ofc. Westendorf could be liable for this claim where he was not even the person who initiated charges or signed a probable cause affidavit. (*See* Dkt. 8-4 (citation signed by Cpl. Carter) and Dkt. 8-5 (affidavit signed by Cpl. Carter).)

Plaintiff's opposition also includes a confusing statement suggesting that regardless of the above, "the Boise City Attorney's Office prosecuted the underlying case. Either the City and its attorneys are liable or its officers are liable." (Dkt. 10, p. 5.) This is flatly wrong. Prosecutors have absolute immunity from malicious prosecution claims. *Meadows v. Breakie*, 2022 U.S. Dist. LEXIS 20710 at * 11 (D. Idaho Feb. 3, 2022) (citing *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001) and *Broam v. Bogan*, 320 F.3d 1023, 1029–30 (9th Cir. 2003)). Further, municipal liability cannot be based on *respondeat superior*. It must be adequately pled as a *Monell* claim, which, as discussed further below, Plaintiff has failed to do.

In short, Plaintiff has failed to adequately plead a malicious prosecution claim and it should therefore be dismissed.

  4. <u>The Complaint does not plausibly allege municipal liability</u>.

As previously argued by Defendants, Plaintiff's *Monell* claim (Count X) against the City failed to adequately plead a constitutional deprivation (other than excessive force) and the Complaint does not show any plausible theory that would implicate the City's liability based on Cpl. Carter's and Ofc. Westendorf's conduct in this case. (Dkt. 8-1, pp. 12-13.) In opposition, Plaintiff merely states that seven items he identified in his Complaint (paragraph 90) are sufficient to state a *Monell* claim and that "[l]isting specific dates and events for each event would require more work that *Iqbal* and *Twombly* require." (Dkt. 10, p. 5.)

Plaintiff's contention is meritless. The well-established pleading standards under *Iqbal*/*Twombly* require more than mere labels, conclusions, or formulaic recitations of a claim's

**DEFENDANTS' MTD REPLY MEMO – 6.**

elements, as recent decisions clearly demonstrate. *See, e.g., Bowman v. City of Boise*, 2023 U.S. Dist. LEXIS 83530 (D. Idaho May 11, 2023) ("A plaintiff cannot simply restate these standards of law in the complaint . . . . Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege fact showing a causal link between each defendant and the plaintiff's injury or damages."). Plaintiff's Complaint entirely fails to meet the requisite pleading standards. Paragraph 90 of the Complaint, on which Plaintiff relies, plainly only contains recitations of the basic elements of a Monell claim, followed by generic and conclusory characteristics of the purportedly unlawful policies that involve false arrest and excessive force. While pleading all of the specific details of all alleged events may not be required, Plaintiff must still adequately plead something beyond the basic elements of a *Monell* claim. He has not remotely done so.[4] Accordingly, his *Monell* claim should be dismissed.

**B.  State Claims**

Defendants argued in support of their motion to dismiss that: (1) Plaintiff failed to post the mandatory bond; (2) the state claims are barred under the ITCA because the Defendants are immune; and (3) the Complaint does not adequately plead state claims for assault, false arrest, malicious prosecution, IIED, or defamation. (Dkt. 8-1, pp. 13-20.)

In response, Plaintiff only addresses the bond issue.[5] He concedes he did not post the mandatory bond, but argues this failure is not jurisdictional and because he is indigent the Court

---

[4] Plaintiff's allegation in Paragraph 90 that Boise did not have a director of the Office of Police Accountability does nothing to improve his deficient pleading. Not only does he ignore the fact that there was an acting interim director (which has been a publicly known matter of which the Court may take judicial notice), and thus this allegation is demonstrably false, Plaintiff has more importantly not alleged any facts whatsoever plausibly showing a connection between the permanent director position vacancy to his claims in this case.

[5] Plaintiff did not address Defendants' several arguments regarding his state claims, and has thus abandoned them. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (holding that a plaintiff who does not provide any argument in defense of a claim in a dispositive motion has abandoned the claim).

**DEFENDANTS' MTD REPLY MEMO – 7.**

should waive the requirement pursuant to Idaho Code § 31-3220. In support he relies primarily on *Frost v. Robertson*, 2009 U.S. Dist. LEXIS 24006 at *41 (D. Idaho March 19, 2009).

In *Frost*, however, the court had already granted the plaintiff in forma pauperis status, which was presumably based on Plaintiff's adequate showing of indigency in compliance with the requirements to make such a showing. *See* I.C. § 31-3220(3) (setting forth requirements).

In the present case, no such status was granted prior to the commencement of this lawsuit. Defendants recognize that there are cases in this district where the bond requirement was enforced, waived, or at least contemplated as waivable after a complaint was filed. *See, e.g.*, and *Ramirez v. City of Ponderay*, 2008 U.S. Dist. LEXIS 26829 at *6 (D. Idaho April 1, 2008) (cited by Plaintiff). However, the bond requirement is a mandatory precondition to filing a lawsuit alleging state claims against law enforcement officers. I.C. § 6-610(2). Moreso, the exception for an indigent plaintiff states that the court "may authorize the <u>commencement</u>" of an action without providing such security under certain conditions. I.C. § 31-3220(2) (emphasis added). It thus follows that if a plaintiff intends to sue a law enforcement officer, they must either post the required bond or seek a waiver, but in either case that must be done <u>before</u> the lawsuit is commenced. This is what the plain language of the statutes require. Here, Plaintiff did not post the bond and he did not seek a waiver prior to filing suit. His state claims should thus be dismissed.

Even if the bond requirement is waivable after a lawsuit starts, the plaintiff must still support such a request with a sufficient affidavit (or declaration) that complies with Idaho law. I.C. § 31-3220(2)(a). This requires "<u>complete information</u>" as to the person's identity, nature and amount of income, spouse's income, real and personal property owned, cash or checking accounts, dependents, debts, monthly expenses, the nature of the action, and the affiant's belief that he is entitled to redress. I.C. § 31-3220(3) (emphasis added).

**DEFENDANTS' MTD REPLY MEMO – 8.**

Plaintiff's declaration provides only cursory information about some of these items but fails to include everything. (Dkt. 10-2, ¶ 11.) He states he works as a bartender somewhere, and apparently only works one shift per week at around $150 per shift, his girlfriend pays their mortgage, he has no dependents, and no debts, and their total expenses are about $2,600, which he states takes up her income, though he does not state how much that income is. Plaintiff provides no additional information about cash or checking accounts, what his personal expenses are, or information about how bills may be split with his girlfriend. (*Id.*)

In short, Plaintiff failed to post the requisite bond or obtain a waiver prior to commencing the present lawsuit. His state claims should therefore be dismissed. If the Court is inclined to consider a waiver, Plaintiff's declaration does not comply with Idaho law and he should therefore be required to provide additional information so that the Court can undertake an appropriate inquiry. In any event, Plaintiff has abandoned his state law claims and they should be dismissed.

## II. CONCLUSION

As shown above and in their moving papers Defendants respectfully request that the Court grant their partial motion to dismiss.

DATED this 1st day of September, 2023.

                                          NAYLOR & HALES, P.C.

                                          By: */s/ Tyler D. Williams*
                                          TYLER D. WILLIAMS, Of the Firm
                                          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September 2023, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

- Johnathan Baldauf     johnathan@baldaufmasser.com
  Baldauf Masser, LLP
  *Attorney for Plaintiff*

>  */s/ Tyler D. Williams*
>  TYLER D. WILLIAMS

**DEFENDANTS' MTD REPLY MEMO – 10.**