Tyler D. Williams      [ISB No. 8512]
Reid K. Peterson      [ISB No. 10091]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tdw@naylorhales.com; reid@naylorhales.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>          Defendants. | Case No: 1:23-cv-00275-BLW<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT (DKT. 8)** |

Defendants, by and through their attorneys of record, Naylor & Hales, P.C., submit this Supplemental Memorandum in Support of Motion for Partial Dismissal of Complaint, pursuant to the Court's November 4, 2023 Docket Entry Order, which requested supplemental briefing addressing the preclusive effect of misdemeanor probable cause hearings. (Dkt. 15).

## I.      INTRODUCTION

This case presents the issue of whether a state court probable cause finding in a criminal misdemeanor case precludes subsequent litigation in a federal civil lawsuit based on alleged lack of probable cause, where the criminal defendant was afforded due process and had the ability to

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 1.**

further challenge probable cause by motion. As shown below, there was sufficient opportunity for Plaintiff to fully and fairly challenge probable cause in his misdemeanor case and therefore he should be precluded from attempting to undermine the prior judicial finding. As such, Plaintiff's claims based on a lack of probable cause should be dismissed.

## II.     SUPPLEMENTAL POINTS AND AUTHORITIES

It has long been recognized that the purpose of collateral estoppel is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine thus extends to bar litigation challenging the existence of probable cause in a civil lawsuit under 42 U.S.C. § 1983 when a prior criminal court already determined that probable cause existed. *Scafdi v. Las Vegas Metro. Police Dept.*, 966 F.3d 960, 963 (9th Cir. 2020); *Picatti v. Miner*, 165 Idaho 611, 617 (2019). The main exception relevant here is that there must have been a "full and fair opportunity to litigate that issue in the earlier case." *Allen*, 449 U.S. at 95 (emphasis added) (internal citations omitted).

A few general points are worth highlighting. First, related to the issue of whether there was a full and fair opportunity to litigate is the issue of whether the criminal defendant had incentive to vigorously litigate the particular issue. *Picatti v. Miner*, 165 Idaho 611, 618 (2019). For example, a minor, non-adversarial civil BAC hearing pursued by a driver has been deemed insufficient to preclude subsequent litigation because the State had no incentive to appear and challenge the driver. *Id.* (discussing *State v. Gusman*, 125 Idaho 805 (1994)).

Second, though the particular process afforded is relevant, incentive also necessarily requires evaluating the purpose of the proceeding itself and the interest therein of the party-to-be-estopped. While the State in *Gusman* had no incentive, there is no question that any criminal

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 2.**

defendant should have incentive to challenge probable cause if, as is the case here, they believe it was not present.

Third, when evaluating whether a party had a full and fair opportunity to litigate an issue in criminal court, a related concept is due process. Criminal proceedings vary in what rights and processes are afforded. Felony cases involve more process because more is at stake than with a misdemeanor. The analysis regarding the preclusive effect of a probable cause finding in a misdemeanor probable cause hearing case should thus not be based on the process afforded in a felony case. Instead, the analysis of opportunity should be taken under a due process framework.

Fourth, the evaluation of opportunity should not be limited to merely probable cause hearings, but rather the entire criminal case. In other words, the issue is not merely whether a criminal defendant had a full and fair opportunity to litigate probable cause at a single hearing, the issue is whether they had a full and fair opportunity to litigate probable cause in the case itself.

In the present case, Plaintiff was arrested without a warrant for resisting and obstructing, which is a misdemeanor offense. Idaho Misdemeanor Criminal Rule 3 provides in relevant part that "[i]n the event a defendant is arrested without a warrant . . . the determination of whether there is probable cause that an offense has been committed and probable cause that the defendant committed it shall be made at the time and in the manner prescribed by Rules 4 and 5 of the Idaho Criminal Rules." I.M.C.R. 3(c).

For warrantless arrests, the finding of probable cause is generally determined at or before the first appearance (or "initial appearance"). I.C.R. 5(c); *see also* I.C.R. 5(a)-(b) (describing initial appearance). The probable cause hearing is informal, non-adversarial and may be *ex parte*. The magistrate may rely on written statements under penalty of perjury or live testimony; while there is not a right to confrontation, cross-examination, or counsel at the hearing, nothing in the rule

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 3.**

precludes a defendant from having counsel and challenging probable cause. In other words, in a misdemeanor probable cause hearing, probable cause may be determined on live testimony with the defendant represented by counsel, motivated by the significant incentive to avoid jail time and subsequent criminal proceedings. And "[i]n making the determination of probable cause, the magistrate must consider all facts as to whether an offense has been committed and whether the defendant has committed it." I.C.R. 5(d). The finding must be based on substantial evidence. *Id.*

The probable cause hearing admittedly involves fairly limited process when compared to a felony preliminary hearing. *See, e.g.,* I.C.R. 5.1 (preliminary hearings); *State v. Richardson*, 156 Idaho 524 (2014) (discussing opportunity for defendant to cross-examine witness in preliminary hearing). But this contrast makes perfect sense given the stakes in misdemeanor versus felony cases (e.g., fines, incarceration lengths, loss of civil rights). More so, Idaho's misdemeanor probable cause proceedings do not violate due process. *See Gerstein v. Puh,* 420 U.S. 103, 120 (1975) (the full panoply of adversary safeguards, including counsel, confrontation, cross-examination, and compulsory process for witnesses, are not essential for a probable cause determination to comport with due process); *see also Smalley v. Spirit Lake Police Dept.*, 2020 WL 1172686 at *2 (D. Idaho, Mar. 11, 2020) (plaintiff received adequate due process under I.C.R. 5(c) where there was a finding of probable cause).

Importantly, the salient issue here is a criminal defendant's <u>opportunity</u> to fully and fairly litigate probable cause, as framed by due process. Despite the comparatively limited process in a misdemeanor probable cause hearing, nothing prohibits a defendant from nonetheless appearing either themselves or through counsel at the hearing and arguing against probable cause at that time. The limited process is simply commensurate with the limited comparative stakes of a misdemeanor. Finding that misdemeanor probable cause hearings are insufficient process for

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 4.**

collateral estoppel risks undermining the policies of collateral estoppel by requiring felony level processes for misdemeanor cases. It would essentially create an unequal categorical prohibition on civil defendants ever being able to raise collateral estoppel when the prior case involved a conviction-less misdemeanor, yet allowing the argument to be made when the prior case involved a conviction-less felony. Put another way, just as the finding of probable cause in a felony preliminary hearing can have preclusive effect even where there is not ultimately a conviction, so long as due process is satisfied, the finding of probable cause in a misdemeanor probable cause hearing should have preclusive effect even where there is not ultimately a conviction, so long as due process is satisfied.

In this case, where there is no allegation or indication whatsoever that Plaintiff's due process rights during the magistrate's probable cause hearings were violated, the process provided therein should be deemed sufficient for collateral estoppel purposes in the present case.

Other courts have concluded similarly. *See, e.g., Echante v. Cnty. of Mono*, 2006 WL 3703369 (E.D. Cal., Dec. 14, 2006), *report and recommendation adopted* in 2007 WL 222414 (E.D. Cal., Jan. 26, 2007), *aff'd by* 299 Fed. App'x 732 (9th Cir. 2008). In *Echante*, the plaintiff was arrested for various misdemeanor charges and was convicted for some while she was acquitted on the others. As to the charges that resulted in conviction, they were barred in a subsequent federal civil suit under the *Heck* doctrine. For the acquitted charges based on an alleged lack of probable cause, the court applied collateral estoppel to dismiss them because probable cause was established by the criminal court at a misdemeanor probable cause hearing, which was affirmed on review by the district court and the Ninth Circuit.[1] *Id.*; *see also Harvey v. City of Fresno*, 2009 WL 3157524,

---

[1] California has substantially similar process for misdemeanor probable cause hearings as in Idaho. *See generally* California Penal Code, Part 2, Title 3.

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 5.**

at \*7 (E.D. Cal., Sept. 28, 2009) (stating that plaintiff's Fourth Amendment claims would be barred by collateral estoppel because it appeared from the record probable cause was already determined at a probable cause hearing).

Further, the analysis here should not be limited to only a discussion of the probable cause hearing because the issue is whether a plaintiff had the opportunity to litigate probable cause. Again, since the salient issue is opportunity, the analysis should be framed more broadly as whether a defendant in the prior criminal case had an adequate opportunity <u>at any point in the case</u> to litigate probable cause fully and fairly. Whether the defendant actually took that opportunity is not the issue. In this way, a court may review the entire proceedings to evaluate whether a criminal defendant was provided sufficient opportunity.

Under Idaho Criminal Rule 12, "<u>[a]ny</u> defense objection or request which can be determined without trial of the general issue may be raised before the trial by motion." I.C.R. 12(b) (emphasis added). The failure to do so constitutes a waiver. I.C.R. 12(f). As previously briefed, that is exactly what Plaintiff did in his criminal case; he filed a motion to dismiss on the merits on October 25, 2022. He specifically chose not to argue there was a lack of probable cause (and thus likely would have waived it in any event). Yet nothing prevented Plaintiff from doing so. Had he filed a motion challenging probable cause it would have been heard and the magistrate required to rule on it, including stating any essential factual findings. I.C.R. 12(d)-(e). Simply, failing to take an opportunity does not mean the opportunity is not present. Plaintiff is essentially trying to make the same arguments he failed to make previously, despite having the opportunity to do so. This is precisely what collateral estoppel is intended to prevent.[2]   To hold that collateral estoppel does

---

[2] Counsel acknowledges that there is an older Idaho Court of Appeals case, *State v. Hogan*, which appears to stand for the odd proposition that under the rules in place at that time a magistrate did not have the authority to conduct a contested probable cause hearing for a misdemeanor defendant after one probable

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 6.**

not apply in this situation would only incentivize criminal defendants to sandbag the argument that their arrest was made without probable cause for a later state or federal civil case if the arrest does not ultimately result in a conviction.

Last, for purposes of collateral estoppel there need not be a final judgment on the merits. Rather, there need only be "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Picatti,* 165 Idaho at 620. There are relevant factors that are context specific, such as whether there was a right to appeal, if an appeal actually happened, whether the decision was avowedly tentative, the court's decision, and the extent to which the parties were heard. *Luben Industries, Inc. v. U.S.*, 707 F.2d 1037 (9th Cir. 1983). To reiterate, however, any such factor must be measured in the context of what process is required to reach the finding in the first place and the opportunity for the criminal defendant to contest.

While misdemeanor probable cause hearings do not implicate all of the same factors identified in *Luben*, such a hearing is nonetheless conclusive for purposes of collateral estoppel. A finding of probable cause is certainly more than an avowedly tentative decision; it is what allows the defendant to be "ordered into custody or required to post bond." I.C.R. 5(c). That it might later be contested by a criminal defendant does not change that fact. Moreso, while written opinions are

---

cause determination had already been made. 132 Idaho 412 (1999). Even to the extent the *Hogan* decision was correct based on the rules at that time (and did not conflict with basic due process), it has not since been cited for that proposition. Moreso, the Idaho rules of criminal proceeding have since undergone multiple revisions, including a fairly substantial restructuring in 2017. There is nothing in the current rules that indicates more than one probable cause hearing cannot occur or that probable cause cannot be contested in a subsequent hearing. In fact, the contrary is true; the rules contemplate two stages where probable cause is addressed (the initial appearance and again before a complaint is filed), which is to be the routine practice as reflected by the two probable cause hearings in Plaintiff's case. And, as shown above, I.C.R. 12 expressly authorizes a criminal defendant to file any objection or request that can be determined without trial of the general issue. Accordingly, *Hogan* no longer appears to be good law and it should be disregarded.

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 7.**

generally not issued, the rule requires the magistrate to "consider all facts as to whether an offense has been committed and whether the defendant has committed it." I.C.R. 5(d). The finding must be based on substantial evidence. *Id.* There is no reason to believe the magistrate here did not follow this requirement in finding probable cause. This is sufficiently conclusive for purposes of collateral estoppel.

### III.        CONCLUSION

Based on the foregoing reasons and as previously briefed by Defendants, the Court should grant the Defendant's motion for partial dismissal.

DATED this 17th day of November, 2023.

NAYLOR & HALES, P.C.

By:*/s/ Tyler D. Williams*
TYLER D. WILLIAMS, Of the Firm
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2023, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

- Johnathan Baldauf    johnathan@baldaufmasser.com
  Baldauf Masser, LLP
  *Attorney for Plaintiff*

*/s/ Tyler D. Williams*
TYLER D. WILLIAMS

**DEFENDANTS' SUPPLEMENTAL MTD MEMO - 8.**