Johnathan Baldauf, ISB # 10100
johnathan@baldaufmasser.com
Baldauf Law, PLLC
380 S. 4th St., Ste. 101
Boise, Idaho 83702-7687
Phone: (208) 741-5024
Fax: (208) 441-5878
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>                        Defendants. | Case No. 1:23-cv-275-BLW<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM RE: PROBABLE CAUSE HEARINGS |

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 1

Plaintiff Werenka respectfully submits this additional briefing, as well as the Declaration of John Charles DeFranco filed concurrently herewith, in response to the Court's Docket Entry Order. ECF No. 15. The Court requested the parties address what rights a defendant is afforded during such a hearing, the relevant statutory and procedural requirements regarding probable cause hearings, whether a probable cause hearing provides a full opportunity to litigate probable cause, and whether a finding of probable cause following such a hearing qualifies as a final judgment for the purpose of issue preclusion. Based on the arguments below and the facts included in the Declaration of John Charles DeFranco, Plaintiffs respectfully request the Court to find that probable cause hearings in Idaho misdemeanor courts are not preclusive.

### I. PROBABLE CAUSE HEARINGS IN IDAHO MISDEMEANOR CASES ARE NOT PRECLUSIVE

"As implemented under 28 U.S.C. § 1738, federal courts must 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (*quoting Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)). In Idaho, the appropriate test for whether issue preclusion or collateral estoppel should apply is:

1) Did the party against whom the earlier decision is asserted have a full and fair opportunity to litigate that issue in the earlier case.

2) Was the issue decided in the prior litigation identical with the one presented in the action in question?

3) Was the issue actually decided in the prior litigation? This may be dependent on whether deciding the issue was necessary to the prior judgment.

4) Was there a final judgment on the merits?

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 2

and

5) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Anderson v. City of Pocatello*, 112 Idaho 176, 184, 731 P.2d 171, 179 (1986) (citations omitted). "Whether or not the party against whom estoppel is attempted had a full and fair opportunity to litigate the issue which is the subject of estoppel comes into question when the offense involved was minor." *Id.* Even a <u>conviction</u> in the State of Idaho for a "lesser misdemeanor, traffic infraction, or a matter of like import should not act as collateral estoppel in a subsequent civil action. *Id.* This directly contradicts Defendants' argument that "there is no question that any criminal defendant should have incentive to challenge probable cause if, as is the case here, they believe it was not present." Plaintiff was charged with a misdemeanor but never convicted of any crime. Therefore, issue preclusion does not apply.

**1. There was no full and fair opportunity to litigate the existence of probable cause.**

Utilizing the above factors, Plaintiff had no full and fair opportunity to litigate the existence of probable cause in his case. In Idaho,

Defendants suggest that somehow Plaintiff had the opportunity to challenge the finding of probable cause: the word opportunity, either underlined or not, is used at least ten times in arguments in Defendants' Supplemental Memorandum. The declarations of Plaintiff's counsel and of John Charles DeFranco make perfectly clear that in Idaho courts <u>there is no opportunity</u> to challenge that finding. Probable cause hearings are *ex parte* hearings where defense counsel has been actively excluded.

Essentially, a prosecutor presents the factors they believe are relevant to establish probable cause. There is no defendant or defense counsel present. If a court's probable cause

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 3

finding there is sufficient, there is no way for any defendant to be wrongfully arrested absent a prosecutor either finding that there was no probable cause or an affidavit that is so deficient as to ensure no reasonable prosecutor would bring the case.

As the Probable Cause Affidavit, Defendants' Exhibit B, was likely the only evidence presented to make that finding, Plaintiff reiterates his argument that Corporal Carter's affidavit contains factual inconsistencies when compared to the on-body video. If there was additional evidence, Defendants should provide it.

There is no way in Idaho for a defendant or defense counsel have a full and fair opportunity to be heard at a probable cause hearing. The Court should find that, as a matter of law, Idaho misdemeanor probable cause hearings are not preclusive.

Defendants cite to *State v. Hogan*, 297 S.W.3d 597 (Mo. Ct. App. 2009) as a 1999 Idaho Court of Appeals case. Obviously, "Mo. Ct. App. 2009" is not an Idaho case. Plaintiff believes Defendants intended to cite to was *State v. Hogan*, 132 Idaho 412, 413, 973 P.2d 764, 765 (Ct. App. 1999) (*Hereinafter* "*Hogan*"). That case has not been overturned. While the rule number has changed, the previous language of Rule 4(e) mirrors current Rule 5(d). The old rule stated:

> **Hearing to determine probable cause**. The probable cause hearing is an informal nonadversary proceeding. The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing that there is a factual basis for the information furnished. It shall not be necessary for the defendant to be present at such hearing or to have the right to confrontation and cross-examination of witnesses, nor shall it be necessary to permit the defendant to have or to provide the defendant with counsel. Before making the determination of whether there is

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 4

such probable cause, the magistrate may require any person, other than the defendant, who appears likely to have knowledge relevant to the offense charged to appear personally and give testimony under oath. The facts which the magistrate considers in determining probable cause shall be placed either in affidavit form and attached to the complaint or shall be testimony under oath placed upon the record. In making the determination of probable cause, the magistrate shall consider all facts as to whether an offense has been committed and whether the defendant has committed it.

*State v. Hogan*, 132 Idaho 412, 415, 973 P.2d 764, 767 (Ct. App. 1999).

The current rule states:

> **Probable Cause Hearing.** The probable cause hearing is an informal non-adversary proceeding. It may be an ex parte hearing which does not require the presence of the defendant. The defendant does not have the right to confrontation and cross-examination of witnesses or the right to counsel. The hearing must be held within 48 hours, including Saturdays, Sundays, and holidays, after a defendant is arrested without a warrant. The magistrate may hold the hearing on sworn statements, which includes written certifications or declarations under penalty of perjury, without the officer or witness present. The finding of probable cause must be based on substantial evidence that there is a factual basis for the information furnished. Before making the determination of probable cause, the magistrate may require any person, other than the defendant, who appears likely to have knowledge relevant to the offense charged, to appear personally and give testimony under oath. In making the determination of probable cause, the


> magistrate must consider all facts as to whether an offense has been committed and whether the defendant has committed it. If the magistrate finds there is no probable cause, the magistrate must exonerate any bond posted and order the release of the defendant if the defendant is in custody. A finding of a lack of probable cause does not require the dismissal of the complaint.
>
> Idaho Criminal Rule 5(d).

The current rule is more restrictive as it makes clear that a defendant does not have the right to confrontation or cross-examination and that a lack of probable cause does not require the dismissal of the complaint. There is no reason to think that the conclusion in *Hogan*, that "Misdemeanor Criminal Rules and the Idaho Criminal Rules do not authorize a magistrate to conduct a contested probable cause hearing in a misdemeanor case after an initial finding of probable cause has already been made", has been disturbed. *State v. Hogan*, 132 Idaho 412, 415, 973 P.2d 764, 767 (Ct. App. 1999).

There was no full and fair opportunity at the probable cause hearing for defendant, or any Idaho defendant in a magistrate case, to be heard. There is no way for an Idaho defendant to demand or request another probable cause hearing. Defendants' arguments fail and these issues should not be precluded.

  2. **The finding of probable cause was procedurally deficient.**

There was no finding the Court can rely on as the finding was procedurally deficient. Idaho Criminal Rule 5(c) requires, "[a]t or before the first appearance of a defendant who is arrested without a warrant or appears pursuant to a summons, the magistrate must determine there is probable cause" in the case. Idaho Criminal Rule 5(d) requires that a hearing be held within 48 hours after a defendant is arrested without a warrant. According to the iCourt record

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 6

provided the Defendants, the finding of probable cause was not made until more than four months after Mr. Werenka's arrest: he was arrested on June 11, 2022 and the probable cause hearing took place on October 14, 2022. Defendants' Exhibit A, ECF No. 6-4. This is far beyond the 48 hour requirement. Defendant had two prior pre-trial conferences on August 3, 2022 and September 7, 2022. These appearances apparently took place before the finding of probable cause. Given this, even if the Court declined to find that all Idaho state misdemeanor probable cause hearings were not preclusive, the finding in this case should be found to not be preclusive.

It should also be noted that this hearing occurred after the parties received the on-body video and that the Boise City Attorney's Office would have had the same information the Court now has as the case had already been set for trial as the Idaho trial court's Order Governing Proceedings, which set the case for trial, was issued. *See* Exhibit A, p. 4, "Order Governing Proceedings". Plaintiff may need to amend his Complaint accordingly.

I. **CONCLUSION**

Therefore, Plaintiff respectfully requests the Court find that probable cause hearings in Idaho misdemeanor cases are not preclusive and therefore deny Defendants' Motion for Partial Dismissal of Complaint.

Respectfully submitted,

s/Johnathan Baldauf
Johnathan Baldauf, ISB # 10100
Baldauf Law, PLLC
380 S. 4th St., Ste. 101
Boise, Idaho 83702-7687
johnathan@baldaufmasser.com
(208) 741-5024

PLAINTIFF'S ADDITIONAL BRIEFING RE: PROBABLE CAUSE HEARINGS – 7