UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>Defendants. | Case No. 1:23-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion for partial dismissal filed by Defendants City of Boise, Corporal Norman Carter, and Officer Avery Westendorf pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. The Plaintiff, Ty Justin William Werenka, has responded to the motion, and the Defendants have replied. Dkts. 10, 12. The Defendants and Mr. Werenka have also filed supplemental memoranda (Dkts. 16, 17) in response to the Court's order directing the parties to brief the preclusive effect of the probable cause hearings held in Ada County Case No.

**MEMORANDUM DECISION AND ORDER - 1**

CR01-22-18326 (Dkt. 15). The Court will grant the motion in part and deny it in part.

## BACKGROUND

Mr. Werenka has filed an eleven-count Complaint against the City of Boise and two Boise police officers in their personal and official capacities concerning his 2022 warrantless misdemeanor arrest. *Compl.*, Dkt. 1. Mr. Werenka alleges the incident occurred on June 11 shortly after 3:00 A.M. at a ParkBOI parking garage, where Corporal Norman "Denny" Carter and Officer Avery Westendorf were responding to an automobile accident. *Id.* at 2. Werenka was leaving the garage at that time in his vehicle and had a short discussion with a garage employee. *Id.* The employee asked him to move along. *Id.* Werenka exited the garage, parked nearby, and returned on foot with his phone to film the police officers' interactions with the public. *Id.* The garage employee again asked Werenka to leave. *Id.*

Werenka alleges that he then began to walk away, but Corporal Carter stopped him, "approached him, and asked him why he was interfering with an investigation." *Id.* Werenka moved his phone and asked Carter to explain the purported interference. *Id.* He alleges that Carter then "slapped Mr. Werenka's phone into the ground, shoved Mr. Werenka by his neck, threw him into a nearby wall, and violently took him to the ground." *Id.* ¶ 18. With Officer Westendorf's

assistance, Carter arrested Werenka for resisting, delaying, or obstructing a public officer, pursuant to Idaho Code § 18-705. Werenka alleges that "none" of the conduct which Carter provided in his sworn statement as support for the arrest actually occurred.  The statements specifically alleged by Werenka to be false are that Werenka obstructed Carter while he was carrying out his duties; that Carter feared for his safety; that Werenka had failed to leave the garage; and that Werenka physically resisted being arrested. *Id.* ¶¶ 23, 24.

Werenka states that the Boise City Attorney's Office charged him pursuant to Idaho Code § 18-705 based upon Carter's statement. *Id.* ¶ 26. The criminal complaint was dismissed on October 26, 2022, over five months after Werenka's arrest. *Id.* ¶ 34. While Werenka states that the dismissal occurred after his attorney filed a motion to dismiss, he later acknowledges that the city prosecutor had also filed a motion to dismiss. *Id.* ¶¶ 34, 35.

Werenka brings nine claims alleging violations of certain provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution, some of which are styled as federal constitutional tort claims under 42 U.S.C. § 1983 and others styled as "Common Law" claims. *Compl.*, Dkt. 1, at 5–10.  Werenka brings two claims, "assault and battery" and "false arrest," unambiguously pursuant to Idaho tort law. *Compl.*, Dkt. 1, at 6, 8.

The Defendants argue that all Counts except for Count II should be dismissed pursuant to Rule 12(b)(6). They also urge the Court to dismiss Carter and Westendorf as defendants in their official capacities. After thoroughly reviewing the briefing, the Court finds oral argument unnecessary to issuing its Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* at 571. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept legal conclusions as true which are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

The Court will first turn to Mr. Werenka's claims which are clearly alleged pursuant to 42 U.S.C. § 1983. Next, the Court will review Werenka's state tort claims and those which he ambiguously pleads as either state tort claims or § 1983 claims. The Court will then consider Werenka's *Monell* claim against the City of Boise and the propriety of naming Corporal Carter and Officer Westendorf in their

official capacities.

## A.   Section 1983 Claims

42 U.S.C. § 1983 provides a cause of action against a "person who, under color of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." A plaintiff seeking relief under § 1983 must show that (1) the action occurred under "under color of state law," and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Mr. Werenka appears to claim in Counts I, III, IV, VI in part,[1] VIII-1, IX, and X in part,[2] that the Defendants violated a number of his constitutional rights because his arrest was not supported by probable cause. The Defendants argue that these counts should be dismissed because Werenka is precluded from relitigating

---

[1] Count VI, "Failure to Intervene," alleges Officer Westendorf violated Mr. Werenka's due process rights under the Fourteenth Amendment by failing to prevent Corporal Carter from arresting Werenka without probable cause and from subjecting Werenka to excessive force. The issue of probable cause is immaterial to the excessive force portion of this claim. *Compl.*, Dkt. 1, ¶¶ 60–63.

[2] Count X, "Municipal Liability under 41 U.S.C. § 1983," alleges Boise maintained numerous policies, customs, or practices. *Compl.*, Dkt. 1, ¶ 90. Only two of the alleged policies, customs, or practices reference law enforcement officers arresting and charging persons without probable cause. *Id.*

this issue. Additionally, with respect to the § 1983 claims en masse, the

Defendants argue that the Complaint itself alleges facts which "demonstrate that

not only was there probable cause for the stated reason of Plaintiff's arrest, there

was also probable cause to arrest him for criminal trespass." *Defs.' Mem.*, Dkt. 8-1,

at 8.

The Court is uncertain whether Werenka intended to bring Count VII

(defamation), Count VIII-1 (intentional infliction of emotional distress), and Count

IX (malicious prosecution) as state tort claims or as § 1983 claims because these

Counts are styled as "Common Law" claims, yet allege violations of Werenka's

rights as guaranteed by the Due Process Clause of the Fourteenth Amendment and

are alleged to be "enforceable under 42 U.S.C. § 1983." *Compl.*, Dkt. 1, at 7–8, 9.

The Court will discuss these claims in the contexts of both causes of action in turn.

### 1. Preclusive Effect of the Probable Cause Finding

The Defendants request that the Court take judicial notice "of records from

Plaintiff's criminal case" which establish, in the Defendants' view, that the

magistrate judge found on two occasions that the misdemeanor charge was

supported by probable cause and that Mr. Werenka "had every opportunity to

challenge probable cause" but failed to do so. *Defs.' Mem.*, Dkt. 8-1, at 5 & n.2.

The Defendants assert that the magistrate judge's finding of probable cause

precludes Mr. Werenka from relitigating the issue in this case. *Id.* at 4–6.

### a. Probable cause finding

A court may consider certain materials in deciding a Rule 12(b)(6) motion, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2008). Judicial notice of an adjudicative fact under Rule 201 is proper if the fact is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Such a fact must be "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

In his Complaint, Werenka repeatedly references and incorporates the Ada County criminal case which resulted from his June 2022 arrest. The Court finds it may consider the proceedings in Ada County Case No. CR01-22-18326 without converting the Defendants' motion to dismiss into a motion for summary judgment. The Court further finds that the parties do not dispute that a magistrate judge in Werenka's criminal case determined at least once that the charge of resisting, delaying, or obstructing a public officer was supported by probable cause. *See Pl.'s Opp'n*, Dkt. 10, at 3. The Court takes judicial notice of that fact.

### b. Collateral estoppel

"Issue preclusion, or collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Scafidi v. Las Vegas Metro. Police Dept.*, 966 F.3d 960, 963 (9th Cir. 2020) (citation omitted). "As long as a litigant had a full and fair opportunity to litigate the issue, collateral estoppel under 28 U.S.C. § 1738 based on state-court proceedings applies to subsequent civil litigation under 42 U.S.C. § 1983." *Id.* "Federal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (citation omitted). Accordingly, the Court must examine Idaho law to determine whether a magistrate judge's probable cause determination has preclusive effect in a subsequent civil action. The Idaho Supreme Court has not yet had occasion to decide this issue.

Idaho's collateral estoppel doctrine consists of five elements: (1) the party against whom the prior decision is being asserted had a full and fair opportunity to litigate the issue in the earlier litigation; (2) the issue decided in the earlier litigation is identical to the one presented in the current action; (3) the issue was

actually decided; (4) there was a final judgment on the merits; and (5) the party against whom the issue is being asserted was a party, or in privity with a party, in the earlier litigation. *Anderson v. City of Pocatello*, 112 Idaho 176, 183–84, 731 P.2d 171 (Idaho 1986). The only element at issue here is the first.[3]

A criminal defendant who unsuccessfully defends a felony charge in a preliminary hearing is precluded from relitigating the issue of probable cause subsequently in a civil action. *Picatti v. Miner*, 165 Idaho 611, 621, 449 P.3d 403 (Idaho 2019). A felony defendant is considered to have had a "full and fair opportunity to litigate" the issue because a preliminary hearing is "an adversarial proceeding that incentivize[s] each side to litigate the issue of probable cause" in which defense counsel is afforded the opportunity to cross-examine the prosecution's witnesses. *Id.* A magistrate judge must dismiss a complaint if he finds that it is not supported by probable cause. Idaho Crim. R. 5.1(c).

However, when the offense involved in the earlier litigation was "minor," the matter of whether a criminal defendant was afforded a "full and fair opportunity to litigate" a given issue is called into question because "[d]efendants

_____

[3] Werenka also argues that the finding of probable cause was procedurally deficient because the hearing was held outside the 48-hour window required by Idaho Criminal Rule 5(c). *Pl.'s Suppl.*, Dkt. 17, at 6–7. This issue is immaterial to the collateral estoppel analysis.

in actions involving criminal misdemeanors or traffic infractions may lack incentive to vigorously defend." *Anderson*, 115 Idaho at 184. Accordingly, Idaho's highest court has opined that "a conviction for a relatively minor matter such as a lesser misdemeanor, traffic infraction, or matter of like import should not act as collateral estoppel in a subsequent civil action." *Id.* (dicta). Similarly, a license suspension hearing held pursuant to Idaho Code § 18-8002(3)(b) does not afford the State of Idaho a "full and fair opportunity to litigate" issues implicated therein because the State "has little or no incentive to vigorously litigate the license suspension . . . ." *State v. Gusman*, 125 Idaho 805, 808, 874 P.2d 1112 (Idaho 1994). Idaho law therefore does not afford preclusive effect to issues litigated in license suspension hearings.

Furthermore, a probable cause hearing in a misdemeanor case lacks the procedural safeguards present in a preliminary hearing. *Compare* Idaho Crim. R. 5(d) (misdemeanor probable cause hearing procedures) *with* Idaho Crim. R. 5.1(b) (felony preliminary hearing procedures). A probable cause hearing in a misdemeanor case "is an informal non-adversary proceeding" which may be ex parte and "does not require the presence of the defendant. The defendant does not have the right to confrontation and cross-examination of witnesses or the right to counsel." Idaho Crim. R. 5(d). If the magistrate judge considers sworn statements,

the affiants of those statements are not required to personally appear or testify. *Id.* Finally, unlike its felony equivalent, "[a] finding of a lack of probable cause does not require the dismissal of the complaint." *Id.*

The holding of *Picatti*, which stresses the importance of a felony preliminary hearing's adversarial nature and its incentives to litigate the issue of probable cause, read with the dicta of *Anderson*, which states that even *convictions* for "lesser" misdemeanors lack preclusive effect, indicate that Idaho law does not afford preclusive effect to probable cause findings in misdemeanor cases.[4] Accordingly, the Court will decline to preclude Werenka from litigating the issue of whether his misdemeanor arrest was supported by probable cause.

### c. Probable cause analysis

The Defendants argue that Mr. Werenka's Complaint establishes that his arrest was supported by probable cause of not only the offense he was charged with, but also criminal trespass. *Defs.' Mem.*, Dkt. 8-1, at 6.

Although the majority of Mr. Werenka's § 1983 claims are predicated on his allegation that he was arrested without probable cause, he styles them as violations

---

[4] The Court notes that "in virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie* – but not *conclusive* – evidence of probable cause in a subsequent tort suit." *Scafidi*, 966 F.3d at 964 (citation omitted) (emphasis in original).

of multiple constitutional rights.[5] The Court will apply a Fourth Amendment analysis to Counts I, III, IV, VI, VIII-1, and IX to the extent that these claims turn on the issue of whether Werenka's arrest was supported by probable cause.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. Amend. IV. "An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008). To prevail against a 12(b)(6) motion concerning an unlawful arrest, a plaintiff must plead facts showing that the arresting officer lacked probable cause. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

"To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these

---

[5] Count I straightforwardly alleges an unlawful arrest in violation of the Fourth Amendment; Count III alleges an unlawful search, as another violation of the Fourth Amendment, flowing from his unlawful arrest; Count IV alleges a violation of his freedom of expression as guaranteed by the First Amendment, but the allegation supporting this claim is that he was arrested without probable cause; Count VI alleges Westendorf violated the Fourteenth Amendment's Due Process Clause for failing to intervene in the allegedly unlawful arrest and also in Carter's allegedly excessive use of force; Count VIII-1 alleges that the same constitutional provision was violated through his unlawful arrest; and Count IX alleges that the same constitutional provision was violated because charges were filed against him which lacked probable cause. *See Compl*, Dkt. 1.

historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *O'Doan v. Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021) (citation omitted). Probable cause "deals with probabilities and depends on the totality of the circumstances" and cannot be "reduced to a neat set of legal rules." *Id.* (citation omitted). "It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* (citation omitted). The probable cause standard "is not a high bar." *Id.* (citation omitted).

"[P]robable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." *United States v. Struckman*, 603 F.3d 731, 741 (9th Cir. 2010). As the Defendants correctly argue, Corporal Carter had probable cause to arrest Mr. Werenka if the facts and circumstances supported probable cause that Mr. Werenka was engaged in any criminal offense, such as the offense he was actually arrested for – resisting, delaying, or obstructing an officer – or another offense, such as criminal trespass.

The crime of obstructing or delaying an officer under Idaho Code § 18-705 consists of three elements: (1) the person who was interfered with was a law enforcement officer; (2) the defendant knew that the person was an officer; and (3) the defendant knew at the time of the resistance, delay, or obstruction that the

officer was "attempting to perform some official act or duty." *State v. Bishop*, 146 Idaho 804, 816 (2009) (citation omitted). Criminal trespass occurs when a person "enters or remains on real property of another without permission, knowing or with reason to know that his presence is not permitted." Idaho Code § 18-7008(2)(a).

Mr. Werenka alleges that he observed Corporal Carter and Officer Westendorf responding to an auto accident at a pay station in the parking garage that he was exiting, and that as he did so, a garage employee told him to leave. He does not allege that either officer was aware that he was told to leave. *Compl.*, Dkt. 1, ¶¶ 8–10. Furthermore, he alleges that when he returned to the garage on foot to record the officers, he was again told by the garage employee to leave and that he began complying before Carter approached him. *Id.* ¶¶ 12–15. Accepting these alleged facts as true, as the Court must when deciding a 12(b)(6) motion, the Court fails to see how the officers' traffic investigation could have been obstructed or delayed when Werenka allegedly began to leave the parking garage on foot pursuant to the employee's instruction and before Carter contacted him. Accordingly, accepting the allegations of the Complaint as true, the Court is unable to find that there was probable cause to support an arrest under § 18-705.

The Court likewise finds Carter lacked probable cause to arrest Werenka for criminal trespass based upon the allegations in the Complaint. The Complaint does

not indicate whether either officer heard, or were close enough in proximity to hear, the garage employee instruct Werenka to leave before he returned on foot. *See id.* ¶¶ 1–15. Nor does it indicate that the garage employee informed the officers, upon seeing Werenka returning to the garage, that he had previously asked Werenka to leave. *See id.* Without any facts showing that Carter knew Werenka did not have permission to be in the garage at that time, there was no probable cause to arrest Werenka for criminal trespass.

The Defendants' remaining arguments concern only Counts V–X. The Court will therefore decline to dismiss Counts I, III, and IV.[6]

## 2. Count VI – Failure to Intervene

Mr. Werenka brings only one additional Count which is clearly presented as a § 1983 claim against an individual. In Count VI, "Fourteenth Amendment – Failure to Intervene," he alleges that Officer Westendorf violated his rights under the Due Process Clause by observing Corporal Carter detain him without reasonable suspicion, arrest him without probable cause, and subject him to excessive force. *Compl.*, Dkt. 1, ¶¶ 61–63. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or

---

[6] The Defendants do not seek dismissal of Count II. *Defs.' Memo.*, Dkt. 8-1, at 4.

other citizen," but only if they had a "realistic opportunity" to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)).

The Defendants argue that this Count should be dismissed in its entirety because Werenka himself has alleged facts showing that Westendorf had no realistic opportunity to intervene. *Defs.' Mem.*, Dkt. 8-1, at 9. The Court is unpersuaded. Werenka alleges that Westendorf observed the entire interaction between Carter and Werenka. *Compl.*, Dkt. 1, ¶ 61. While the Defendants correctly state the law, *Cunningham* decided this issue in the context of a motion for summary judgment and *Koon* decided the issue in the appeal of two officers' convictions following a jury trial. *See Cunningham*, 229 F.3d at 1278; *Koon*, 34 F.3d at 1424. Whether or not Westendorf had an opportunity to intervene in Carter's allegedly unlawful conduct is a question of fact inappropriate for resolution on a motion to dismiss.[7] *See Roth v. Foris Ventures, LLC*, 86 F.4th 832,

---

[7] Werenka submitted video footage in support of Count VI in its opposition to the Defendants' motion. *See Pl.'s Opp'n*, Dkt. 10, Exs. 1–3. The Defendants correctly note that such evidence is not appropriate to consider on a motion to dismiss. *Defs.' Reply*, Dkt. 12, at 5. It is improper for a court to consider evidence outside the pleadings "without converting the motion to dismiss into a motion for summary judgment and giving [the party against whom the evidence
(Continued)

837 (9th Cir. 2023) (factual issues are not appropriately resolved on a motion to dismiss). The Court will therefore decline to dismiss Count VI.

## B. State Tort Claims and Claims Implicating Both State Tort Law and Federal Law

Count V (assault and battery), Count VII (defamation), Count VIII-1 (intentional infliction of emotional distress), Count VIII-2 (false arrest), and Count IX (malicious prosecution) are styled as "Common Law" claims. *Compl.*, Dkt. 1, at 6–9. However, as stated above, Counts VII, VIII-1, and IX additionally allege that the Defendants violated Mr. Werenka's rights under the Due Process Clause of the Fourteenth Amendment and that relief is available under § 1983. It is therefore unclear whether Mr. Werenka intended to bring these three claims under state tort law or under § 1983. The Court will consider them through the lens of each cause of action.

### 1. The Idaho Tort Claims Act

The Defendants argue that Mr. Werenka's claims brought pursuant to state law are barred by the Idaho Tort Claims Act. *Defs.' Mem.*, Dkt. 8-1, at 14–16. Mr. Werenka has not offered a response to this argument. *See generally Pl.'s Opp'n*,

---

is offered] an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). The Court declines to consider Werenka's evidence and thereby convert the motion into one for summary judgment under Rule 12(d).

Dkt. 10.

The Act "establishes that governmental entities are subject to liability for their own negligent or wrongful acts, and those of their employees who were acting within the course and scope of their employment." *Hoffer v. City of Boise*, 151 Idaho 400, 402, 257 P.3d 1226 (Idaho 2011); Idaho Code § 6-903(1). However, the Act also exempts government entities and its employees from liability with respect to certain claims which arise out of an employee's conduct in the course and scope of his employment. Idaho Code § 6-904. Pertinent to this case are exemptions from liability for claims which are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a governmental entity of employee thereof, whether or not the discretion be abused[,]" and those claims which "[a]rise[] out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Idaho Code § 6-904(1), (3).

The Complaint alleges that the officers' conduct occurred within the course and scope of their employment or under color of law. Mr. Werenka's "Common Law" claims are actions enumerated in § 6-904's immunities except for intentional infliction of emotional distress. "[A] tort claim need only arise out of the type of

conduct listed in Idaho Code section 6-904, which means it must originate or stem from such conduct." *James v. City of Boise*, 160 Idaho 466, 484, 376 P.3d 33 (2016) (citation and quotation marks omitted). It appears that a claim for intentional infliction of emotional distress is barred under § 6-904(1) because, in this case, the claim arose out of the performance of a discretionary function, namely a police officer's decision to effect a warrantless arrest. *See* Idaho Code § 6-904(1); *Compl.*, Dkt. 1, ¶¶ 71–76 (alleging Corporal Carter's unlawful arrest led to Mr. Werenka's emotional distress). Werenka also alleges that this claim entitles him to relief under § 1983. *Compl.*, Dkt. 1, ¶¶ 71–76. However, intentional infliction of emotional distress does not itself give rise to a § 1983 claim.  *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 678 (6th Cir. 2005); *Tierney v. Davidson*, 133 F.3d 189, 199 n.7 (2d Cir. 1998); *Dear v. Rathje*, 391 F. Supp. 1 (N.D. Ill. 1985), *aff'd*, 532 F.2d 756 (7th Cir. 1976). This claim is only cognizable under state law.

In addition to the "course and scope" of employment qualification, the Act also contains a provision regarding a defendant's mental state: "A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable . . . ." Idaho Code § 6-904. The Defendants argue that the City of Boise is immune to all of Werenka's state tort claims because the "malice or criminal intent" language

concerns only the liability of an employee, and that a governmental entity is immune to the claims outlined in § 6-904 regardless of its tortious employee's mental state.[8] *Defs.' Mem.*, Dkt. 8-1, at 15. The Court agrees. The Idaho Supreme Court has interpreted this language to "exempt[] governmental entities from liability for the torts it lists, whether or not there has been an allegation of malice or criminal intent." *Hoffer*, 151 Idaho at 402, 257 P.3d at 1228; *see also Bates v. 3B Det. Ctr.*, 2016 WL 1755404, *3 (D. Idaho May 2, 2016) ("In essence, the court read the prefatory language as if parentheses had been inserted around the phrase dealing with the employees: 'A governmental entity (and its employees while acting within the course and scope of their employment and without malice or criminal intent) shall not be liable . . . .'" (citing *Hoffer*, 151 Idaho at 402, 257 P.3d at 1228)). Thus, the Act immunizes the City of Boise from liability for the claims outlined in § 6-904 regardless of the officers' intent, and it immunizes the officers themselves unless Werenka alleges they acted with "malice or criminal intent."

Werenka alleges facts showing "malice or criminal intent" only with respect to his claims of defamation and malicious prosecution. With respect to his defamation claim, he alleges that "Corporal Carter acted with actual malice: he

---

[8] Werenka did not respond to this argument. *See generally Pl.'s Opp'n*, Dkt. 10.

knew his statements were false or acted with reckless disregard for the truth."
*Compl.*, Dkt. 1, ¶ 69. His malicious prosecution claim is also supported by
allegations of malice because the Complaint identifies multiple statements in
Carter's sworn police report establishing the elements for resisting and obstructing,
alleges that those statements are false, and alleges that the prosecutor based her
charging decision on Carter's report. *Compl.*, Dkt. 1, ¶¶ 23–26, 84. While
Werenka's allegations in this claim barely comply with Rule 10(b), the Court finds
that "malice" is sufficiently alleged in that Count as to Carter. *See* Fed. R. Civ. P.
10(b) (setting forth the proper form for the presentation of facts in a pleading).
Werenka does not allege any facts showing Westendorf acted with "malice or
criminal intent." *See generally Compl.*, Dkt. 1.

Counts V (assault and battery), VIII-1 (intentional infliction of emotional
distress), and VIII-2 (false arrest) are therefore wholly barred by the Idaho Tort
Claims Act. To the extent that Count IX (malicious prosecution) is a state tort
claim, it is barred as to Westendorf and the City of Boise. The Act does not bar
Count VII (defamation)[9] or Count IX (malicious prosecution) as to Carter due to
Werenka's allegations of malice.

---

[9] Count VII names only Carter as a defendant.

## 2. The Bond Requirement of Idaho Code § 6-610(2)

The Defendants argue that Mr. Werenka's "Common Law" claims must be dismissed as to Corporal Carter and Officer Westendorf because he was required to post a bond prior to filing them. *Defs.' Mem.*, Dkt. 8-1, at 14. Werenka concedes that he failed to post a bond, but argues that dismissal is not warranted because the failure is not jurisdictional; the bond requirement should be waived; or, in the alternative, the Court should set bond. *Pl.'s Opp'n*, Dkt. 10, at 6.

Idaho law requires a plaintiff to post a bond before bringing any state law tort claim against a "law enforcement officer" for conduct arising out of or in the course of the performance of his duties. Idaho Code § 6-610(2); *Bowman v. City of Boise*, 2022 WL 990560, at *1 (D. Idaho Apr. 1, 2022). The purpose of a bond is to ensure "diligent prosecution" of actions brought against law enforcement officers and to provide for payment of the defendant's costs and fees when a plaintiff is unsuccessful. Idaho Code § 6-610(1). If a plaintiff fails to post bond and the defendant objects, dismissal of the claim is mandatory. Idaho Code § 6-610(5); *Pigg v. Brockman*, 79 Idaho 233, 239, 314 P.2d 609, 612 (Idaho 1957) ("[t]he undertaking may be waived by the defendant. However, the statute is mandatory, so that where it is not complied with, the district court must dismiss the action when appropriate objection is timely urged by defendant.").

While Werenka correctly notes that the bond requirement is waivable for indigent plaintiffs, he has failed to show such indigency as required by Idaho law. Counsel has not filed an application for in forma pauperis status in this case on Werenka's behalf. Instead, he filed a declaration with his opposition stating that Werenka earns "around $150 per week," that his girlfriend pays the mortgage on their home, and that his monthly expenses are approximately $2,600, which take up most of his girlfriend's income. *Werenka Decl.*, Dkt. 10-2, ¶ 11. This declaration fails to meet the requirements for indigency set forth by Idaho Code § 31-3220(3) because it does not provide his girlfriend's income, his real and personal property, or his cash or checking accounts. The Court is unable to find him indigent based on the provided information.

Because a failure to comply with the bond requirement of § 6-610 mandates dismissal,[10] the Court will dismiss Count VII (defamation) and Count IX (malicious prosecution) as to Carter to the extent that they are state tort claims.

### 3. Counts VII and IX Construed as § 1983 Claims

Mr. Werenka's remaining "Common Law" claims which allege violations of the Due Process Clause of the Fourteenth Amendment are Count VII (defamation)

---

[10] Werenka failed to meet this requirement with respect to all of his "Common Law" claims.

and Count IX (malicious prosecution).  The Idaho Tort Claims Act does not bar claims brought pursuant to § 1983. *See Felder v. Casey*, 487 U.S. 131 (1988) (holding that a notice-of-claim provision in Wisconsin's sovereign immunity statute was preempted by the Supremacy Clause as inconsistent with the purpose and nature of § 1983); *Henderson v. State*, 110 Idaho 308, 311, 715 P.2d 978, 981 (Idaho 1986) (declining to apply the Act's statute of limitations to § 1983 claims). Nor does Idaho's bond requirement apply to § 1983 claims. *Bowman*, 2022 WL 990560 at *1.[11]

The Defendants argue that these claims should be dismissed because Mr. Werenka has failed to adequately plead them and because certain immunities apply.

### a. Count VII – Defamation under § 1983

Mr. Werenka alleges in his defamation claim that Corporal Carter made statements that violated the Due Process Clause of the Fourteenth Amendment and is enforceable through "Common Law" and § 1983. *Compl.*, Dkt. 1, ¶¶ 65–70. He alleges that Carter wrote untrue statements regarding Werenka in his sworn police report and orally made untrue statements to the parking garage employee and

---

[11] The Defendants do not argue that the Idaho Tort Claims Act or Idaho Code § 6-610(2) apply to actions brought pursuant to 42 U.S.C. § 1983. *See generally Defs.' Mem.*, Dkt. 8-1.

Westendorf. *Id.* He further alleges that Carter "knew his statements were false or acted with reckless disregard for the truth." *Id.* ¶ 69. He seeks damages only from Carter in this claim.

When a defamation claim is alleged as a constitutional violation, "reputational harm alone does not suffice . . . ." *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004). There are two theories a plaintiff can pursue in a § 1983 claim for "defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphases omitted).

The Defendants argue that Carter is absolutely immune to this claim because his written statements were made "in the course of, connected with, or related to a judicial proceeding." *Defs.' Mem.*, Dkt. 8-1 at 19–20. Werenka did not offer a response to this argument. The Defendants are correct as to Carter's statements in his sworn report. An affiant whose sworn statement is filed in a judicial proceeding is absolutely immune from liability for defamation in a § 1983 action regarding the filed document. *Overman v. Klein*, 103 Idaho 795, 796, 800–01, 654 P.2d 888 (1982). The Court need not consider whether Werenka adequately alleges a § 1983

defamation claim regarding the sworn statement.

The Court also declines to decide whether Carter's oral remarks to the parking garage employee or to Westendorf enjoy the same immunity because Werenka has not alleged that those remarks damaged his reputation. Rather, his defamation claim appears to turn on the allegedly false statements in Carter's sworn report and the reputational damage they caused through the criminal proceedings which were subsequently initiated by the city prosecutor. *See Compl.*, Dkt. 1, ¶¶ 64–70. Accordingly, Count VII will be dismissed in its entirety, with leave to amend the portion pertaining to Carter's oral statements.

### b. Count IX - Malicious Prosecution under § 1983

Werenka alleges in Count IX (malicious prosecution) that Carter and Westendorf acted with malice when they initiated the resisting and obstructing charge against him. *Compl.*, Dkt. 1, ¶ 84. He also alleges that the prosecutors reviewed the officers' body-worn camera footage from the incident and that the footage shows no probable cause existed to support the charge. *Id.* ¶ 85. He seeks damages against both officers and Boise under "Common Law" and § 1983.

"[T]o prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another

specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation and quotation marks omitted). Malicious prosecution claims can be brought against persons other than prosecutors "who have wrongfully caused the charges to be filed." *Id.* (citation omitted).

The Defendants argue that the officers in this case are shielded from liability because the Complaint itself establishes that the prosecutor filed charges and exercised independent judgment in doing so, relying upon this Court's previous decision in *Putnam v. Boll*, 2017 WL 5479928 (D. Idaho Nov. 14, 2017). *Defs.' Mem.*, Dkt. 8-1, at 10–11.

This Court explained in *Putnam* that while the analysis of a prosecutor's role in a malicious prosecution claim against officers is unclear, it acknowledged that "[i]f a prosecutor applies his independent judgment and makes the decision to charge an individual with a crime, that decision is an intervening cause which shields the arresting officer from liability." *Putnam*, 2017 WL 5479928, at *3 (citing *Hartman v. Moore*, 547 U.S. 250, 262–63 (2006)). An officer named as a defendant to a malicious prosecution claim begins with a rebuttable presumption that a prosecutor exercised independent judgment arriving at a charging decision.

*Beck v. City of Upland*, 527 F.3d 853, 870 (9th Cir. 2008).[12] The "[f]iling of a criminal complaint immunizes investigating officers . . . because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time. *Smiddy v. Varney*, 665 F.3d 261, 266 (9th Cir. 1981) (*Smiddy I*), *overruled in part on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006). A plaintiff may rebut the presumption by, among other things, showing that the investigating officer "knowingly submitted false information or pressured the prosecutor to act contrary to her independent judgment." *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1985) (*Smiddy II*). If he rebuts the presumption, the burden then shifts to the investigating officer to show that the prosecutor's judgment acted as an intervening cause in the prosecution. *Beck*, 527 F.3d at 870.

Werenka argues that he has rebutted the presumption of prosecutorial independence because Carter knowingly provided false information in his sworn report. *Pl.'s Opp'n*, Dkt. 10, at 5. He alleges that the city prosecutor filed the charge based on Carter's sworn statements. *Compl.*, Dkt. 1, ¶¶ 23–26. Count IX of

---

[12] The presumption does not apply if the charging prosecutor invokes privilege to shield relevant information. *Beck*, 527 F.3d at 869–70. While the record does not yet contain affidavits or declarations from the prosecutor who filed Werenka's charge under § 18-705, it also does not contain any indication that the prosecutor has asserted privilege.

the Complaint states: "No probable cause existed to bring those charges as a review of the on-body video, which attorneys from the City of Boise conducted, made clear that Mr. Werenka did not "wilfully" resist . . . ." *Id.* ¶ 85. The Defendants urge the Court to construe this paragraph as alleging that the prosecutors reviewed the footage prior to charging Werenka. *Defs.' Mem.*, Dkt. 8-1, at 11. Because the paragraph does not state at what point in the criminal case the prosecutors reviewed the footage, the Court can conclude only that Boise's prosecutors reviewed the body-worn camera footage at some point during the criminal proceedings against Werenka. The time period which is material to the prosecutorial independence analysis is the filing of the criminal complaint. *See Smiddy I*, 665 F.2d at 266.

The Court has already determined that Werenka has shown, based on the allegations in the Complaint, that his arrest was not supported by probable cause. It further finds that he has rebutted the presumption of prosecutorial independence by alleging that the prosecutor filed a criminal charge against Werenka based on false statements Carter provided in his sworn report. Carter and Westendorf have failed to show, for the purposes of a 12(b)(6) motion, that the prosecutor exercised independent judgment when she filed the criminal complaint. They are therefore

not immune to this claim.[13]

The Defendants argue that Werenka has not sufficiently pleaded that the charge was initiated with malice. *Defs.' Mem.* ؛ Dkt. 8-1, at 11. The Court has already determined otherwise. The Court agrees with the Defendants, however, that Werenka does not allege facts showing Westendorf's liability for malicious prosecution. Werenka does not allege that Westendorf submitted any evidence which the prosecutor relied on in her decision to charge Werenka under § 18-705. He only alleges that Westendorf assisted in Werenka's arrest and in his transportation to the Ada County Jail. *Compl.*, Dkt. 1, ¶¶ 21–22. The Court will therefore dismiss Count IX as to Westendorf with leave to amend.

### C.   Municipal Liability

Municipalities are "persons" under § 1983 and therefore may be liable for causing a deprivation of constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality "cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held

---

[13] Werenka argues that "[e]ither the City and its attorneys are liable or its officers are liable." *Pl.'s Opp'n*, Dkt. 10, at 5. However, he only named the officers and the City of Boise as defendants in this case. Even if he had alleged the prosecutor was liable under § 1983 and named her as a defendant, she would be immune. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (a prosecutor is immune from a § 1983 suit for damages in connection with initiating a prosecution and in presenting the State's case).

liable under [§ 1983] under a respondeat superior theory." *Id.* at 694.  Rather,

*Monell* liability may attach when a plaintiff alleges that (1) he was deprived of his

constitutional rights by the government entity and its employees acting under color

of state law; (2) that the government entity has "customs or policies which amount

to deliberate indifference" to the plaintiff's constitutional rights; and (3) that these

customs or policies were "the moving force behind the constitutional violations."

*Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001) (citation

omitted). To defeat a Rule 12(b)(6) motion, a complaint asserting *Monell* liability

post-*Iqbal* must accomplish two tasks. First, it "may not simply recite the elements

of a cause of action, but must contain sufficient allegations of underlying facts to

give fair notice and to enable the opposing party to defend itself effectively." *AE ex

rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citation

omitted). Second, the facts as alleged "must plausibly suggest an entitlement to

relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Id.*

Mr. Werenka alleges that the City of Boise "has maintained a policy,

custom, or practice that has been the cause, the moving force, behind the violation

of citizens' rights" and that these "policies, customs, and practices were the direct,

proximate cause" of the alleged constitutional violations in this case. *Compl.*, Dkt.

1, ¶¶ 90–91. The Defendants argue that Mr. Werenka has merely recited the elements of *Monell* liability and has failed to allege any facts which would support a plausible claim against Boise. *Defs.' Mem.*, Dkt. 8-1, at 12–13. The Court agrees.

The only facts Mr. Werenka alleges in support of this claim are those offered to support his claims against Corporal Carter and Officer Westendorf, and an incident involving Westendorf which occurred nearly a year after Werenka's arrest. *Compl.*, Dkt. 1, ¶¶ 38–40. Werenka alleges that he attempted to record another interaction involving the Boise Police Department in April 2023 and that Westendorf "shined his flashlight into Mr. Werenka's phone, disrupting his camera." *Id.* His allegations that Boise maintained a "policy, custom, or practice" involving the use of excessive force, arrests of individuals under Idaho Code § 18-705 without probable cause, unlawful charging decisions, and inadequate investigation of citizens' complaints, are conclusory. *See id.* ¶¶ 89–91. He does not allege any facts plausibly showing an unconstitutional policy, custom, or practice. The Court will therefore dismiss his *Monell* claim against the City of Boise.

### D.    Official Capacity Defendants

Finally, the Defendants argue that Corporal Carter and Officer Westendorf should be dismissed as defendants in their official capacities. *Defs.' Mem.*, Dkt. 8-1, at 13 n.3. The Court agrees. With respect to § 1983, "[s]uits against state

officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (citation and quotation marks omitted). A government officer can properly be named as a defendant in his personal capacity in a § 1983 action seeking monetary damages. *Id.* Mr. Werenka seeks only monetary damages in this case. The Court will therefore dismiss Carter and Westendorf as defendants in their official capacities.

## ORDER

**IT IS ORDERED that:**

1.    Defendants' Motion for Partial Dismissal of the Complaint (Dkt. 8) is **GRANTED in part and DENIED in part**.

2.    The Motion (Dkt. 8) is granted to this extent:

    a.  Counts V, VIII-1, and VIII-2 are **dismissed with prejudice**.

    b.  Count VII is **dismissed with prejudice as to Corporal Carter's written statements** and **dismissed without prejudice as to his oral statements**.

    c.  To the extent Count IX is brought pursuant to state law, it is **dismissed with prejudice as to the City of Boise** and **dismissed**

**without prejudice as to Corporal Carter and Officer Westendorf**. To the extent it is brought pursuant to 42 U.S.C. § 1983, Count IX is **dismissed without prejudice as to Officer Westendorf**.

    d.  Count X is **dismissed without prejudice**.

    e.  Corporal Carter and Officer Westendorf are **dismissed** from this case **as Defendants in their official capacities**.

3.    The Motion (Dkt. 8) is denied in all other respects.

DATED: January 30, 2024

B. Lynn Winmill
U.S. District Court Judge