Tyler D. Williams     [ISB No. 8512]
Reid K. Peterson     [ISB No. 10091]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tdw@naylorhales.com; reid@naylorhales.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, in his official and personal capacity,<br><br>     Defendants. | Case No: 1:23-cv-00275-BLW<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** |

Defendants, by and through their attorneys of record, Naylor & Hales, P.C., hereby submits this memorandum in support of their motion for sanctions under Rule 37.

## BACKGROUND

Initial disclosures were due on February 20, 2024. (*See* Dkt. 13, § II; Dkt. 14, ¶ 4; Dkt. 18.) Defendants timely provided theirs, but did not receive Plaintiffs' nor did he ask for an extension. (Declaration of Tyler D. Williams, ¶ 3, Ex. B.) The following exchanges then took place:

- Defense counsel sent Plaintiff's counsel a letter on February 27 asking for initial disclosures to be provided by March 5. Plaintiff failed to provide them by that date.

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 1.**

- Counsel had a telephonic meet-and-confer under Local Rule 37 on March 13. During that call, Plaintiff's counsel represented he would provide initial disclosures by the following Friday, March 15, and in the meantime would provide information about Plaintiff's alleged damages. The initial disclosures were still not provided by the deadline, nor was even a summary of Plaintiff's alleged damages provided. (Williams Decl., Ex. A, pp. 1-4.)

- On March 25, prior to the scheduled interim conference call with Chambers, counsel again spoke by telephone and Plaintiff's counsel gave assurances he would provide initial disclosures by March 28. That date came and went and still no disclosures were provided.

- Defense counsel again emailed Plaintiff's counsel on April 1, but received no response. (*Id.*, pp. 5-6.)

- Defense counsel yet again emailed Plaintiff's counsel on April 15. The next day, April 16, Plaintiff's counsel responded that he was finishing up the disclosures. Counsel then had a telephone call to discuss and he reiterated that the disclosures would be provided. (*Id.*, p. 5.)

- On April 17, Plaintiff's counsel's office provided a password protected link to the disclosures, but no password. They delivered a thumb drive later that day. The thumb drive, however, only contained (a) video from the parking garage where Plaintiff was arrested; (b) a video of an irrelevant subsequent interaction between Defendant Ofc. Westendorf and Plaintiff; and (c) three video files from Plaintiff's cell phone. Nothing else was included. (*Id.*, 7.)

- Defense counsel emailed Plaintiff's counsel on April 23, apprising him that the thumb drive did not include all of the information required for initial disclosures. Plaintiff's counsel did not respond. (*Id.*, p. 8.)

Additionally, Plaintiff's responses to Defendants' written discovery requests were due March 28. Plaintiff did not provide them by that date nor did he ask for an extension. (Williams Decl., ¶ 4.) On April 1 and 15, Defense counsel emailed Plaintiff's counsel about the failure (in the same emails referenced above). Counsel met-and-conferred on April 16, and Plaintiff's counsel represented he would have the discovery answers provided by April 19. He again failed to do so.

On April 25, Defense counsel provided by email the above summary to the Court's staff attorney and opposing counsel, pursuant to the Court's informal discovery dispute resolution

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 2.**

process. (Williams Decl., Ex. A, pp. 15-17.) Plaintiff's counsel finally provided his position summary on April 30, the day of the scheduled conference. Plaintiff's counsel stated "The delay here is mine[,]" that initial disclosures "will likely be done today or tomorrow" and that the discovery responses "should be done by the end of the week." (*Id.*, p. 10.) During the call with chambers, Plaintiff's counsel asked what specific information could be provided, to which Defense counsel asked that he at least provide damages information immediately so that Defense counsel could prepare for Plaintiff's deposition, which was scheduled for May 3.

Initial disclosures were not provided "today or tomorrow." Nor was even any summary of information provided regarding Plaintiff's alleged damages. No discovery responses have been provided yet either. (Williams Decl., ¶ 5.) Defense counsel was thus required to cancel Plaintiff's deposition.

On May 1, Defense counsel emailed Plaintiff's counsel, apprised him that the deposition would be canceled, and stated that there was no other option but to file a motion to compel, seek attorney fees, and any other Rule 37 sanctions, as well as to ask for an extension to take Plaintiff's deposition (and asking for a stipulation in that regard). Plaintiff's counsel responded the next day that he would be meeting with his client in lieu of the deposition, and "suspect[ed]" that the "full kit" would be provided "shortly." Defense counsel responded that this was entirely inadequate and apprised him that the present motion would be forthcoming. (Williams Decl., Ex. A, pp. 19-20.)

## ARGUMENT

This matter arises out of Plaintiff's near total failure to provide required disclosures and total failure to respond to written discovery requests. He has had ample time to remedy these deficiencies but has repeatedly failed to do so without any justification or showing that the failure is harmless. It is thus appropriate at this point to order sanctions.

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 3.**

A. **Legal Standards for Sanctions Under Rule 37**

Under Rule 37(c) "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1). Additionally, the trial court may order costs and attorney's fees caused by the failure, inform the jury of the failure, and impose other "appropriate sanctions." F.R.C.P. 37(c)(1)(A)–(C). The other appropriate sanctions include dismissal, directing that designated facts be taken as established or prohibiting the disobedient party from support designated claims or introducing designated matters in evidence. *Id.* (incorporating sanctions under Rule 37(b)(2)(A)).

Importantly, sanctions under this rule are mandatory: "Rule 37(c)(1) is a <u>self-executing, automatic sanction</u> designed to provide a strong inducement for disclosures. The <u>only</u> exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (cleaned up) (emphasis added); *Hoffman v. Construction Protective Servs, Inc.*, 541 F.3d 1175, 1179-1180 (9th Cir. 2008); *see also Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 825 (7th Cir. 2010) (stating that the exclusion sanction for failure to with disclosure requirements is "automatic and mandatory").

Similarly, under Rule 37(d), the trial court may order sanctions against a party who fails to serve answers, objections, or written response to properly served interrogatory or documents requests. F.R.C.P. 37(d)(1)(A). Available sanctions include directing that designated facts be taken as established or prohibiting the disobedient party from support designated claims or introducing designated matters in evidence. *See id.* (incorporating F.R.C.P. 37(b)(2)(A)). Further:

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 4.**

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

F.R.C.P. 37(d)(3).

The party facing sanctions has the burden of proving its failure was substantially justified or harmless. *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

### B. Plaintiff's Discovery Failures are Sanctionable

Rule 26 unambiguously requires that initial disclosures must be provided by the parties, including enumerated information the disclosing party may use to support its claims or defenses, specifically including (i) the names and subject matter of individuals likely to have discoverable information, (ii) a copy or description by category and location of pertinent records, (iii) a damages computation and materials bearing on the nature and extent of the alleged injuries, and (iv) if applicable an insurance agreement. F.R.C.P. 26(a)(1)(A). Plaintiff ignored these plain requirements.

Initial disclosures were due February 20. Defendants provided theirs by the deadline. Plaintiff did not. Nor did Plaintiff ask for an extension of time to do so. He finally produced minimal disclosures nearly two months late, and only after repeated attempts by Defense counsel to obtain them. Even then, the materials produced still failed to include nearly all of the information required for initial disclosures. They simply included a few videos from the garage where Plaintiff was arrested, his cell phone footage of Sgt. Carter, and an irrelevant brief interaction with Ofc. Westendorf well after his arrest. Plaintiff has still not supplemented, despite several assurances that he would, and Defense counsel no longer has any confidence that he will do so.

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 5.**

Similarly, Plaintiff has wholly failed to answer Defendants' written discovery requests, which included interrogatories (Rule 33), request for production of documents (Rule 34), and requests for admission (Rule 36). Responses were due March 28. Plaintiff did not provide any answer, objection, or response by that deadline. He did not ask for an extension. Defense counsel's repeated attempts to obtain discovery responses failed, just as with their attempts to obtain Plaintiff's initial disclosures.

With discovery closing on May 5 (*see* Dkt. 14, ¶ 6), even if Plaintiff were to provide initial disclosures and answer discovery immediately, it is simply too little too late. There is not enough time to adequately prepare a full defense to all of Plaintiff's claims and damages allegations. And to extend the time to allow Plaintiff to prosecute his case would simply reward him for his extremely dilatory conduct. Plaintiff has entirely failed to comply with his basic discovery obligations and should be sanctioned accordingly.

### C. Requested Sanctions

Defendants ask that <u>at a minimum</u> they be awarded their costs and attorney fees caused by Plaintiff's failure to provide initial disclosures or to answer discovery requests. *See* Rule 37(c)(1)(A) and Rule 37(d)(3) (providing for reasonable expenses, including attorney fees, caused by failure to provide initial disclosures or failure to respond to discovery requests).

Additionally, Plaintiff's failure to timely provide disclosures should result in automatic and mandatory exclusion of the information required by such disclosure. Relatedly, Defendants ask that the Court direct that designated facts be taken as established or prohibit Plaintiff from putting on evidence related to the same:

- Plaintiff has no witnesses to support his claims or damages allegations;
- Plaintiff has no documents or records to support his liability claims other than the

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 6.**

> OBV videos from Sgt. Carter and Ofc. Westendorf, the cell phone footage of Plaintiff's interaction with Sgt. Carter, the garage footage, and records already produced by Defendants in their initial disclosures;

- Plaintiff has no documents or records to support his alleged damages;

- Plaintiff has no evidence of damages, whether physical or mental;

- Plaintiff's ability to participate in any protest, rally, march, sit-in, vigil, petition, or boycott of any kind has not been inhibited or chilled;

- The alleged April 29, 2023 incident with Ofc. Westendorf (after the arrest) is irrelevant and not part of this lawsuit.

Defendants also ask that this case be dismissed in whole or in part under Rule 37(b)(2)(A)(v). While this is a severe sanction, it is justified under the circumstances of this case. Plaintiff's failures to provide initial disclosures and discovery responses, despite repeated attempts by Defense counsel to obtain them, repeated false assurances by Plaintiff's counsel that they would be shortly forthcoming, and Plaintiff's continued failure to provide them right up to the eve of the discovery cutoff, is egregious. His discovery violations are highly prejudicial to Defendants, in particular because they are completely in the dark about the extent and nature of Plaintiff's purported damages.

More so, Plaintiff has not even engaged in any discovery in his own right. He has not sent any written discovery requests or attempted to schedule a single deposition. A settlement conference is tentatively scheduled for mid-May; it appears Plaintiff's only goal in this case was to file a lawsuit and try to get a quick settlement without engaging in any diligent litigation to actually demonstrate why he should be entitled to anything. This type of ineffective litigation "practice" should not be rewarded.

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 7.**

Dismissal is further appropriate as the requests for admission, which Plaintiff failed to answer, are deemed admitted by operation of Rule 36. Essentially, the facts necessary to show that there was probable cause to arrest Plaintiff are established. These things altogether justify at least a partial dismissal of the claims based on alleged lack of probable cause so that this case is narrowed to what is really at issue: the level of force used by Sgt. Carter to take Plaintiff into custody. Even then, Plaintiff's failure to disclose any information leaves Defendants in the dark as to the amount of force Plaintiff is even alleging was used by Sgt. Carter or the injuries that he allegedly suffered as a result. Dismissal of that claim is therefore similarly warranted.

Last, nothing indicates that Plaintiff's failure was substantially justified. As stated in Plaintiff's counsel's email to Chambers, this was a delay by him, without explanation. Plaintiff also cannot show the failure was harmless. Indeed, his failure has resulted in Defendants having incomplete information about who Plaintiff believes may have discovery information, what he records he intends to rely on, and most importantly what his claimed damages are, and information related to the same. While Defense counsel can assume certain things about Plaintiff's case, Defendants cannot be expected to defend a case like this based on mere assumptions. Moreover, the assumptions are limited. Defendants have no information beyond Plaintiff's bare allegations about his alleged damages. And, it is too late to make use of any information at this late stage.

## CONCLUSION

Based on the foregoing reasons Defendants respectfully ask that the Court sanction Plaintiff and/or his attorney as set forth herein.

DATED this 3rd day of May, 2024.

NAYLOR & HALES, P.C.
By: */s/ Tyler D. Williams*
TYLER D. WILLIAMS, Of the Firm
Attorneys for Defendants

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 8.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2024, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

- Johnathan Baldauf   johnathan@baldaufmasser.com
  Baldauf Masser, LLP
  *Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　*/s/ Tyler D. Williams*
　　　　　　　　　　　　　　　　　　　TYLER D. WILLIAMS

**DEFENDANTS' MOTION FOR SANCTIONS (MEMO) - 9.**