UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOISE, et al.,<br><br>Defendants. | Case No. 1:23-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendants City of Boise, Corporal Norman Carter, and Officer Avery Westendorf's Motion for Sanctions (Dkt. 25).[1] For the reasons discussed below, the Court will grant the City Defendants' motion.

**BACKGROUND**

This matter involves Plaintiff Ty Werenka's early morning arrest by Corporal Carter and Officer Westendorf of the Boise Police Department. A year after the arrest, Werenka filed a multi-count Complaint against the two officers and the City of Boise, alleging various constitutional and state law violations. *See*

---

[1] The defendants collectively will hereafter be referred to as the City Defendants.

*Compl.*, Dkt. 1.[2] Werenka's Complaint was then narrowed as a result of the City Defendants' motion to dismiss. *See MDO*, Dkt. 18.

Following the instigation of this lawsuit, the Court entered a scheduling order, setting the deadline for initial disclosures for February 2024, the expert disclosure deadline for April 2024, the discovery deadline for May 2024, and the dispositive motion deadline for June 2024. *See CMO*, Dkt. 14. The Court entered amended scheduling orders in March and April of 2024. *See Amend. CMO*, Dkt. 23; *Sec. Amend. CMO*, Dkt. 24. Through the amended scheduling orders, the Court extended the alternate dispute resolution (ADR) deadline to May 17, 2024, and the dispositive motion deadline to 30 days after ADR commences. *Id.* The remaining deadlines were untouched.

On April 25, 2024, through the Court's informal mediation process, the City Defendants first raised concerns about the sufficiency of Werenka's discovery. Specifically, they informed the Court that Werenka's initial disclosures were limited to a thumb drive containing only a few videos taken on the night of the arrest and that they had not received any response to their written discovery. On

---

[2] The Court will only provide a limited background relevant to the issue at hand. For a more thorough description of the allegations in this matter, see the Court's January 30, 2024 Memorandum Decision and Order (Dkt. 18).

**MEMORANDUM DECISION AND ORDER - 2**

April 30, 2024, court staff held an informal mediation. During the mediation, Werenka confirmed that he had not provided supplemental disclosures, nor had he served answers to the written discovery. Werenka, however, informed court staff and the City Defendants that additional discovery would be forthcoming.

On May 3, 2024, the City Defendants filed this pending motion for sanctions pursuant to Federal Rule of Civil Procedure 37. *See Motion*, Dkt. 25. The City Defendants explain that, despite multiple attempts to meet and confer and opposing counsel's assurances, Werenka has still not remedied either of his discovery deficiencies. *See id.* at 2. As a result, the City Defendants seek a number of sanctions. They first request that sanctions be imposed in the form of costs and reasonable attorney's fees. *Id.* at 6. The City Defendants further argue that Werenka's failure to provide disclosures in a timely manner should result in the automatic exclusion of the information he was required to disclose, but did not. *Id.* They then request that the Court either designate certain facts to be taken as established or prohibit Werenka from putting up evidence related to various topics. *Id.* Their final and most drastic request is that the Court dismiss the entire case due to the discovery violations. *Id.* at 7.

Since the City Defendants filed their motion, Werenka has not responded or filed anything with the Court. Moreover, it appears that two separate judicial

MEMORANDUM DECISION AND ORDER - 3

settlement conferences were terminated due to the continued deficiencies.

## DISCUSSION

Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).[3] Rule 37(c) "gives teeth to [the Rule 26(a) disclosure] requirements by forbidding the use at trial any information not properly disclosed under Rule 26(a)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001). The Rule is recognized as a broadening of the sanctioning power and a rule that is "self-executing" and "automatic." *Id.* "The party facing sanctions bears the burden of proving that its failure to disclose the required

---

[3] Rule 37(c) requires that a party must be "given the opportunity to be heard" before a court can issue sanctions. *See* Fed. R. Civ. P. Rule 37. The Ninth Circuit, however, has made clear that an evidentiary hearing is not required in all cases, and "the opportunity to submit briefs" can satisfy the "opportunity to be heard" requirement under Rule 37. *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1165 (9th Cir. 2003) (holding that "the opportunity to submit briefs was an 'opportunity to be heard' within the meaning of Rule 37(c)(1)."); *see also Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 324 (D. Ariz. 2018) (finding that the plaintiff's opportunity to respond to Rule 37 sanction in his reply brief was sufficient). Here, Plaintiff was provided notice of the potential sanctions when the City Defendants filed their motion. Just because Werenka elected not to file an opposing brief does not mean he was not provided an opportunity to be heard. Instead, Werenka was provided the opportunity to be heard but elected not to utilize it.

**MEMORANDUM DECISION AND ORDER - 4**

information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

It is undisputed that Werenka's initial disclosures were insufficient under Rule 26 and that there has been no attempt to supplement them. It is also undisputed that the discovery deadline has come and gone. *See Sanders v. Univ. of Idaho*, No. 3:19-CV-00225-BLW, 2022 WL 17668674, at *2 (D. Idaho Dec. 14, 2022) ("[d]isclosures under Rule 26(a) are untimely if made after the discovery cutoff.") (citations omitted). Thus, it is undisputed that Rule 37(c) sanctions are at play.

Turning to the underlying circumstances, Werenka filed no objection to this motion and, therefore, has not attempted to show that the discovery failures were either substantially justified or harmless, nor has he requested the imposition of a lesser sanction. Despite not being required to consider these factors, the Court finds that an exclusionary sanction is warranted in this case. *See Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) ("if the noncompliant party fails to argue harmlessness, a district court need not hold a sua sponte hearing on that issue before imposing Rule 37(c)(1)'s default sanction," and "if the noncompliant party fails to move for lesser sanctions, the district court is not required to consider

**MEMORANDUM DECISION AND ORDER - 5**

one[.]"). Werenka's failure to provide adequate initial disclosures is not harmless, nor can another sanction cure the harm caused. *See, e.g., Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC*, 600 F. Supp. 3d 987, 993 (D. Ariz. 2022) (Finding that plaintiff's failure to make Rule 26(a) disclosures was not harmless and could not be cured by any other remedy because discovery was already closed). Discovery in this matter has closed without Werenka providing any additional information through alternative discovery responses or supplementation. *See Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016) ("Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery."). Thus, other than the few videos provided, the City Defendants are now being forced to proceed toward trial without having any knowledge of the witnesses or evidence Werenka intends to use or the damages he believes he is entitled to.

Accordingly, the Court finds it has little choice but to prohibit Werenka from using any information or evidence that was not disclosed in a timely manner under Rule 26(a). That said, because Werenka has not actually attempted to use any

**MEMORANDUM DECISION AND ORDER - 6**

information or evidence, this determination is little more than an acknowledgment that Rule 37(c)(1) is "self-executing" and "automatic." *See Yeti by Molly, Ltd.,* 259 F.3d at 1106. Moreover, because it is not entirely clear how Werenka intends to pursue his case, the Court will not speculate as to the effect of excluding the undisclosed evidence.[4]

Turning to the City Defendants' other requests, the Court also finds that sanctions in the form of reasonable expenses, including attorney's fees, caused by both Werenka's insufficient disclosures and failure to respond to discovery are warranted. Rule 37(c) allows the Court to impose additional sanctions for disclosure violations, including ordering the payment of reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(c)(1)(A). Similarly, Rule 37(d) provides for the same type of sanction, among others, where a party fails to serve answers to interrogatories "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Again, it is undisputed that Werenka's initial disclosures were insufficient and that he failed to serve answers to the City Defendants' written interrogatories.

---

[4] If the City Defendants believe that the exclusion of any undisclosed evidence is dispositive to any claim in this case, it is better addressed in a Rule 56 motion.

**MEMORANDUM DECISION AND ORDER - 7**

*See Defs' Br.* at 3, Dkt. 25-1. And, as already discussed, Werenka provided no explanation of how his failures were either substantially justified or harmless, or how an award of expenses would be unjust.

While not necessary under Rule 37(c), the City Defendants made multiple attempts to meet and confer regarding the outstanding discovery requests and the insufficient disclosures. *See* Fed. R. Civ. P. 37(d)(1)(B) (requiring a movant provide "certification that the movant has in good faith conferred or attempted to confer with the party failing to act[.]"). In fact, the parties even engaged in this Court's informal discovery dispute mediation process. Despite many assurances, Werenka did not supplement his initial disclosures, nor has he provided any answers to the written discovery. These failures appear to have directly led to the termination of two separate judicial settlement conferences, s*ee* Dkts. 29 & 33, and to be nothing more than a lack of diligence or simple neglect. Due to the considerable amount of time and energy the City Defendants have had to expend because of these discovery violations, the Court finds an award of costs and reasonable attorney's fees to be an appropriate and necessary sanction.[5]

---

[5] The Court, however, has not been provided with sufficient evidence to award any specific amount to the City Defendants. The City Defendants did not provide evidence or
(Continued)

**MEMORANDUM DECISION AND ORDER - 8**

The Court does not find that a terminating sanction is necessary or proper at this time. Such a sanction is an extreme remedy and should be used sparingly. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). It seems inappropriate here, where it is not clear that the limited evidence Werenka provided in his initial disclosures would not support some or all of his existing claims. *See, e.g., Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, No. 2:23-CV-01007-APG-NJK, 2024 WL 2963379, at *2 (D. Nev. June 12, 2024) (declining to impose case-dispositive sanctions, where the movant did "not provide the meaningfully developed argument necessary to do so."). More importantly, the City Defendants recently filed a motion for summary judgment, which is predicated, in part, on a failure to prosecute. *See MSJ Motion*, Dkt. 34. The Court believes that the ramifications of Werenka's failure to participate in discovery—and the case as a whole—is better addressed in that context. Additionally, the Court finds no need to issue broadly sweeping sanctions in the form of "designat[ing] facts as taken" or a prohibition on using certain evidence in a vacuum. Instead, it will be Werenka's responsibility to prosecute his case within

---

explanation of the actual time spent or harm caused by Weranka's inadequate disclosures or failure to respond to written discovery. Thus, before the Court can order payment, the City Defendants shall provide the Court the necessary support for the requested sanction.

**MEMORANDUM DECISION AND ORDER - 9**

the confines of his disclosures, whatever they may be.[6]

In sum, the Court will impose the following sanctions on Werenka. First, Werenka will be prohibited from using evidence or witnesses not properly disclosed under Rule 26(a) or (e). Additionally, the Court will order "payment of the reasonable expenses, including attorney's fees, caused by" Werenka's inadequate disclosures under Rule 26(a) and (e), and failure to serve answers to the City Defendants' written interrogatories. No other sanctions will be imposed at this time.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion for Sanctions (Dkt. 25) is **GRANTED**.

2. Defendants shall submit a declaration with specific requests for reasonable costs, including attorney's fees, resulting from Plaintiff's discovery failures within 14 days of entry of this order. Defendants' declaration shall contain "satisfactory evidence" that the requested rates align with those prevailing in the community for similar services of lawyers of reasonably comparable skill and

---

[6] Again, if the City Defendants believe that Werenka has exceeded the scope of his disclosures at some later point, they are free to seek an additional order from the Court prohibiting the use of such evidence.

reputation and that the aforementioned discovery failures caused the requested expense.

3.      Thereafter, Plaintiff may file any objections to the Defendants' declaration within 14 days of the submission. Any objection shall be limited to the information provided in the declaration.

DATED: September 4, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**