UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF,<br><br>Defendants. | Case No. 1:23-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court previously granted the defendants' motion for sanctions and directed counsel to file a declaration specifying the fees and costs sought as sanctions. *Mem. Dec. & Order*, Dkt. 35. The defendants timely filed the declaration (Dkt. 36), and the plaintiff did not file any objections to the requested amount. The Court finds that the fees sought are reasonable and awards the defendants $3,939.30 in attorneys' fees.

# LEGAL STANDARD

"When an award of attorneys' fees is authorized, the court must calculate the

**MEMORANDUM DECISION AND ORDER - 1**

proper amount of the award to ensure that it is reasonable." *RG Abrams Insurance v. Law Offices of CR Abrams*, 342 F.R.D. 461, 523 (C.D. Cal. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)). In the Ninth Circuit, courts use the two-step "lodestar method" to calculate a reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363–34 (9th Cir. 1996). The Court first evaluates whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is then multiplied by the reasonable number of hours to establish a lodestar figure. *Id.* This lodestar figure is a presumptively reasonable fee but may be adjusted based on a variety of factors.[1] *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Such adjustments, however, are appropriate "[o]nly in rare instances." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994). That said, district courts have "particularly wide latitude to. . . issue sanctions under Rule 37(c)(1)." *Yeti by*

---

[1] Courts are instructed to consider the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that are "not already subsumed in the lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996). The *Kerr* factors are as follows: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 363 n.8.

**MEMORANDUM DECISION AND ORDER - 2**

*Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## ANALYSIS

The defendants seek a total of $3,939.30 in attorneys' fees and costs. To determine the reasonableness of the fees sought, the Court considers the reasonableness of the rate charged and hours expended by the defendants' attorneys before calculating the lodestar amount. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The party seeking fees has the burden of establishing the claimed rates and hours expended are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### A.  Reasonable Rate

The reasonableness of an hourly rate depends on the rate "in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 1008). "[T]he relevant community is the forum in which the district court sits." *Id.* Tyler Williams, lead counsel in this matter, charges an hourly rate of $215 per hour and his partner, Reid Peterson, charges an hourly rate of $161. The Court finds that these rates are both reasonable given each attorney's knowledge, training, education, and experience.

### B.  Reasonable Hours Expended

The defendants claim they are entitled to fees for the 18.9 hours counsel

**MEMORANDUM DECISION AND ORDER - 3**

expended between March 2024 and June 2024. Rule 37(c)(1)(A) permits the Court to order payment of expenses caused by a party's failure to provide information or identify a witness in compliance with Rule 26(a) or (e). The time spent by Mr. Williams and Mr. Peterson preparing for and participating in Rule 37 meetings with plaintiff's counsel, drafting correspondence related to the discovery failures, and drafting the sanctions motion was reasonably expended as a result of the plaintiff's noncompliance.

### C.   Lodestar Calculation

The lodestar figure is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *McGrath*, 67 F.3d at 252. For the 18.9 hours reasonably expended by two attorneys at reasonable rates, the lodestar figure is $3,939.30. There is a strong presumption that the lodestar figure represents a reasonable fee. *Morales*, 96 F.3d at 364–65. The Court does not find that any factors require adjusting the fee. As such, the defendants are awarded attorneys' fees in the amount of $3,939.30.

## ORDER

**IT IS ORDERED that** Defendants are awarded $3,939.30 in attorneys' fees.

DATED: December 2, 2024

_____
B. Lynn Winmill
U.S. District Court Judge