GHUNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY JUSTIN WILLIAM WERENKA, | Case No. 1:23-cv-00275-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CITY OF BOISE, a municipal corporation; CORPORAL NORMAN CARTER, in his official and personal capacity; and OFFICER AVERY WESTENDORF, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Corporal Norman Carter's and Officer Avery Westendorf's motion for summary judgment (Dkt. 34). For the reasons described below, the Court will grant the motion.

## BACKGROUND

On June 11, 2022, Ty Werenka was arrested at a ParkBOI parking garage just after 3:00 am. Def. Statement of Facts at ¶¶ 1, 11, Dkt. 34-3. Prior to the arrest, Corporal Carter and Officer Westendorf were in the parking garage responding to a minor automobile accident. *Id.* at ¶ 1. While the officers were talking to the

**MEMORANDUM DECISION AND ORDER - 1**

individuals involved in the accident, Mr. Werenka drove down the exit ramp and started yelling out of his car window. *Id.* at ¶ 2. The parking attendant told Mr. Werenka to move along and Mr. Werenka left the garage in his car. *Id.* Shortly thereafter, Mr. Werenka returned on foot and started filming the officers. *Id.* at ¶ 4. The officers overheard a second interaction between the parking attendant and Mr. Werenka and approached Mr. Werenka. *Id.* at ¶¶ 5, 6. Corporal Carter informed him he was interfering with an investigation and told him to leave, as the parking attendant had requested. *Id.* at ¶ 7. Mr. Werenka did not leave and, instead, lifted his phone to Corporal Carter's face and asked him to explain how he was interfering with an investigation. *Id.* at ¶¶ 9, 10. Corporal Carter then slapped the phone out of Mr. Werenka's hand, grabbed his arm, pushed him against the wall of the garage, and arrested him. *See* Def. Exs. A-D, Dkt. 34.

Mr. Werenka filed this Complaint against the City of Boise, Corporal Carter, and Officer Westendorf following his arrest. *Complaint*, Dkt. 1. The only remaining claims are against Corporal Carter for unlawful arrest, retaliatory arrest, excessive force, and malicious prosecution and against Officer Westerndorf for malicious prosecution and failure to intervene. The defendants now move for summary judgment on the remaining claims. Mr. Werenka did not file any opposition to the motion.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to a material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255.

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. Where, as here, a party opposing summary judgment fails "to respond to a fact asserted in the motion" a court may "consider that fact undisputed for the purposes of the motion." *Heinemann v. Scatterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As such, the facts presented in support of defendants' motion for summary judgment are considered undisputed. Nonetheless, even when a motion for

summary judgment is unopposed, "a district court must determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Baxter v. City of Hemet*, --- F. Supp. 3d ---, 2024 WL 1815814, at *11 (C.D. Cal. 2024) (internal quotation marks omitted).

## ANALYSIS

Based on the undisputed facts, the Court will grant the defendants' motion for summary judgment.[1] The Court will begin by addressing the claims alleged against Corporal Carter before addressing the claims against Officer Westendorf.

### A.    Claims Against Corporal Carter

Mr. Werenka alleges claims against Corporal Carter for unlawful arrest, unreasonable search, retaliatory arrest, excessive force, and malicious prosecution. Summary judgment is appropriate as to each of these claims either because no violation occurred or, in the case of the excessive force claim, qualified immunity applies.

### 1.  Probable Cause Existed to Arrest Mr. Werenka

Corporal Carter had probable cause to arrest Mr. Werenka. An officer has

_____

[1] Because the Court summary judgment is appropriate, the Court will not address the defendants' arguments that dismissal is warranted for failure to prosecute.

probable cause to make a warrantless arrest when the facts and circumstances

within his knowledge are sufficient for a reasonably prudent person to believe that

the suspect has committed a crime" or was committing a crime at the time of the

arrest. *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011). To

make this determination, the Court "examine[s] the events leading up to the arrest,

and then decide[s] whether these historical facts, viewed from the standpoint of an

objectively reasonable police officer, amount to probable cause." *O'Doan v.

Sanford*, 991 F.3d 1027, 1039 (9th Cir. 2021).

Based on the undisputed facts, Corporal Carter had probable cause to arrest

Mr. Werenka for trespass. Criminal trespass occurs when someone:

> [E]nters or remains on real property of another without permission, knowing
> or with reason to know that his presence is not permitted. A person has
> reason to know his presence is not permitted when, except under a landlord-
> tenant relationship, he fails to depart immediately from the real property of
> another after being notified by the owner or his agent to do so, or he returns
> without permission or invitation within one (1) year, unless another period
> of time is designated. . .

Idaho Code § 18-7008(2)(a). On June 22, Mr. Werenka was in a parking garage

(real property owned by another) when the parking attendant (an agent of the

property owner) told him to leave. *See* Def. Statement of Facts at ¶¶ 4, 5, 8, Dkt.

34-3. After he was told to leave, he returned to the parking garage, which he knew

was private property and attempted to initiate a conversation with the attendant

who again told him to leave. *Id.* At this point, it's clear that Mr. Werenka was trespassing and that Corporal Carter had probable cause to arrest him. Accordingly, summary judgment is granted as to Mr. Werenka's unlawful arrest claim.

The existence of probable cause also resolves Mr. Werenka's retaliatory arrest and unreasonable search claims. First, probable cause forecloses a retaliatory arrest claim except in situations "where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). For this exception to apply, a plaintiff must "present[ ] objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. Mr. Werenka has presented no such evidence, so the exception does not apply. Second, where officers have probable cause to make an arrest, they may also conduct a search incident to arrest. *United States v. Robinson*, 414 U.S. 218, 226 (1973). Here, Corporal Carter searched Mr. Werenka's person following the arrest. The only allegation of wrongdoing in the Complaint is that the search was conducted without probable cause. As already discussed, probable cause existed, so there is no other basis to find the search unreasonable. Accordingly, the existence of probable cause warrants summary judgment on Mr. Werenka's unlawful arrest, retaliatory arrest, and unreasonable search claims.

### 2. Corporal Carter Is Entitled to Qualified Immunity on the Excessive Force Claim

Corporal Carter argues he is entitled to summary judgment on the excessive force claim because no violation occurred and qualified immunity applies. In evaluating a Fourth Amendment claim of excessive force, courts ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Corporal Carter has plead qualified immunity, so the burden is on the plaintiff to prove: "(1) that the right was violated; and (2) that the right was clearly established at the time of the conduct." *Isayeva v. Sacramento Sheriff's Department*, 872 F.3d 938, 946 (9th Cir. 2017). A right is clearly established if "the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it. . . meaning that existing precedent. . . placed the statutory or constitutional question beyond debate." *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015) (internal quotation marks and citation marks omitted).

Here, Mr. Werenka has not carried his burden to establish that qualified immunity does not apply. The alleged excessive force is Corporal Carter slapping the phone out of Mr. Werenka's hand, grabbing his arm, and pushing Mr. Werenka against the wall while placing him in handcuffs. This interaction is captured from multiple angles, all of which were submitted to and reviewed by the Court. *See*

Def. Exs. A-D, Dkt. 34. Mr. Werenka has not pointed to any case law indicating it is clearly established that this conduct constitutes excessive force. Indeed, cases cited by the defendants suggest that this conduct may be appropriate in certain circumstances. *See Jackman v. City of Pocatello*, No. 4:21-cv-00379-AKB, 2023 WL 4627980, at *7 (D. Idaho July 19, 2023) (rejecting excessive force claim even where officer slapped and handled the plaintiff "roughly" while placing him in handcuffs); *Jankins v. City of Pasadena*, No. CV 18-520-DMG (GJSx), 2019 WL 994959, at *7–8 (C.D. Cal. Feb. 15, 2019) (finding officer shoving plaintiff into patrol car did not constitute excessive force). Because the burden is on the plaintiff to demonstrate that the right at issue was clearly established and Mr. Werenka has failed to carry that burden, Corporal Carter is entitled to qualified immunity on the excessive force claim.

### 3. Mr. Werenka was not Maliciously Prosecuted.

Mr. Werenka alleges Corporal Carter maliciously prosecuted him in violation of the Fourteenth Amendment. "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of*

*Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Id.*

That said, the Ninth Circuit has adopted a rebuttable-presumption-based approach when analyzing a § 1983 claim of malicious prosecution. *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008). It is presumed that a prosecutor exercises independent judgment in deciding to file criminal charges, thereby breaking "the chain of causation between an arrest and prosecution" and immunizing the investigating officers from liability for the injuries suffered after the charging decision. *Id.* This presumption may be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised. *Id.* Circumstances in which the presumption of independent judgment will be considered rebutted include situations in which the prosecutor "relied on the police investigation and arrest report when he filed the complaint, instead of making an independent cause for arrest." *Smiddy v. Varney*, 665 F.2d 261, 266 –67 (9th Cir. 1981).

To survive summary judgment a plaintiff must provide "ample evidence from which a reasonable jury could conclude the arresting officers, through false statements and material omissions in their reports, prevented the prosecutor from

exercising judgment." *Barlow v. Ground*, 943 F.2d 1132, 1137 (9th Cir. 1991). "Such evidence must be substantial." *Harper v. City of L.A.*, 533 F.3d 1010, 1027 (9th Cir. 2008). Mr. Werenka has not presented any such evidence. Accordingly, summary judgment is granted as to the malicious prosecution claim.

### B.     Claims Against Officer Westendorf

Mr. Werenka alleges Officer Westendorf failed to intervene while Corporal Carter violated his constitutional rights and maliciously prosecuted him. "[P]olice officers have a duty to intercede with their fellow officers violate the constitutional rights of a suspect or other citizens." *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994). An officer may only be liable for failure to intercede when they in fact had an opportunity to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Mr. Werenka claims Officer Westendorf observed Corporal Carter detain, arrest, and search him without probable cause. As described above, probable cause existed, so no violation occurred. Moreover, even to the extent Corporal Carter's conduct constituted excessive force, its plain from the video footage of the interaction between Mr. Werenka and Corporal Carter that Officer Westendorf had no opportunity to intervene. The interaction occurred, and was over, before Officer Westendorf could intervene.

Finally, summary judgment is also warranted on Mr. Werenka's malicious

prosecution claim against Officer Westendorf. As described above, Mr. Werenka has provided no evidence from which a jury could conclude that Officer Westendorf "prevented the prosecutor from exercising judgment." *Barlow*, 943 F.2d at 1137. Accordingly, the claims against Officer Westendorf are dismissed.

**ORDER**

    **IT IS ORDERED that** Defendant's Motion for Summary Judgment (Dkt. 34) is **GRANTED**.

DATED: December 2, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**